ELIZABETH D. MILLER, Appellant, *v.* NEW YORK AND NORTH SHORE RAILWAY COMPANY, Respondent.

1. APPEAL — WHEN JUDGMENT ENTERED UPON SHORT DECISION NOT WARRANTED BY FINDING CONTAINED THEREIN. Where, in an action to restrain the building and operation of an electric street railway in front of plaintiff's premises upon the ground that she was the owner in fee to the center of the street and that her title thereto had never been acquired by the defendant, the only finding made by the trial court, in a decision in the short form under section 1022 of the Code of Civil Procedure (before its amendment in 1903), is that the plaintiff is the owner in fee of the land mentioned in the complaint, describing it by metes and bounds, one of which is the street in front of the premises, but is silent upon the question whether the plaintiff's title extends to the center of the street or not, the judgment dismissing the complaint, entered upon such finding, must be reversed for two reasons: If the silence of the court upon the question of plaintiff's title to the street is to be regarded as a failure to pass thereon,

the judgment is erroneous because the plaintiff is entitled to have the question decided and to have the grounds of the decision concisely stated ; if, on the other hand, the finding of the description *in hæc verba* is to be treated as the equivalent of a finding that the plaintiff is the owner in fee to the center of the street in front of her premises, subject only to the easement of the public therein, then the judgment is unauthorized because the conclusion of law upon which it rests is irreconcilable with the fact found.

2. WHEN RULE THAT COURT OF APPEALS MUST ASSUME FACTS NECESSARY TO SUPPORT JUDGMENT ENTERED UPON SHORT DECISION DOES NOT APPLY. The rule, that when a judgment entered upon a short decision has been unanimously affirmed by the Appellate Division, the Court of Appeals is bound to assume that the trial court found all the facts warranted by the evidence and necessary to support the judgment, has no application where, as in this case, the judgment is unwarranted by any aspect of the finding contained in the decision.

*Miller* v. *N. Y. & N. S. Ry. Co.,* 92 App. Div. 613, reversed.

(Argued October 26, 1905; decided November 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 14, 1904, affirming a judgment in favor of defendant, entered upon a dismissal of the complaint by the court on trial at Special Term.

This action was brought to restrain the defendant from building and operating its electric street railway in front of plaintiff's premises, which are situated on the southerly side of Fulton street, borough of Queens, city of New York. At the place in question, Fulton street was formerly known as the Hempstead and Jamaica turnpike road. Plaintiff's premises have a frontage of about 537 feet on this highway, commencing at a point about 756 feet easterly from the intersection of its southerly side with the easterly side of Springfield road.

The defendant, the New York and North Shore Railway Company, was organized in 1897 for the purpose of constructing and operating a street surface railroad in the borough of Queens, city of New York. It is the successor in interest of the Long Island Electric Railway Company, which was organized in 1894 and authorized to operate a similar railroad in the county of Queens.

Two causes of action are set forth in the complaint. The first is founded upon allegations to the effect that the plaintiff is the owner in fee to the center of Fulton street, and that her title therein has never been acquired by the defendant. The second proceeds upon the theory that the defendant has never obtained the consents required by law, either from the local authorities or the abutting property owners.

*Alfred A. Wheat* and *James A. MacElhinny* for appellant. The Court of Appeals has power to review the affirmance of judgment in this action although made by an unanimous Appellate Division. (*Lentschner* v. *Lentschner*, 80 App. Div. 43; *Deeley* v. *Heintz*, 169 N. Y. 135; *Reynolds* v. *A. L. Ins. Co.*, 6 App. Div. 259; *Shaffer* v. *Martin*, 20 App. Div. 304; *Hall* v. *Beston*, 13 App. Div. 116; *McManus* v. *Palmer*, 13 App. Div. 443; *Burnham* v. *Denike*, 54 App. Div. 132; *Matter of Green*, 153 N. Y. 223; *Kennedy* v. *M., H. & F. T. Co.*, 178 N. Y. 509.) Plaintiff being an abutting owner, the presumption of law is that she owns the fee in the highway to the center thereof in front of her property. (*McCrudden* v. *R. Ry. Co.*, 5 Misc. Rep. 59; 151 N. Y. 623; *Matter of Mayer*, 20 App. Div. 409; *Mott* v. *Mott*, 68 N. Y. 246; *Insurance Co.* v. *Stevens*, 87 N. Y. 287; *Watson* v. *City of New York*, 67 App. Div. 578; *Mahon* v. *N. Y., etc., R. Co.*, 24 N. Y. 658.) Appellant as owner of the fee in the highway is entitled to have respondent enjoined from trespassing upon her fee. (*Peck* v. *S. Ry. Co.*, 170 N. Y. 299.)

*George F. Hickey* and *William E. Stewart* for respondent. The Appellate Division having unanimously decided that the findings of fact are supported by the evidence, the Court of Appeals has no power to review the facts or the question whether there was any evidence or whether there was sufficient evidence to sustain the findings of fact. (*Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 282, 321; *People ex rel. M. R. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. B. I. Co.* v. *Barker*, 155 N. Y.

322; *Marden* v. *Dorthy*, 160 N. Y. 39; *Reed* v. *McCord*, 160 N. Y. 330; *Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52; *Meserole* v. *Hoyt*, 161 N. Y. 59; *Cronin* v. *Lord*, 161 N. Y. 90; *Hilion* v. *Ernst*, 161 N. Y. 226; *Hutton* v. *Smith*, 175 N. Y. 375.) The question whether appellant owns to the center of the highway is not open for review upon this appeal. (*Kennedy* v. *M., H. & F. T. Co.*, 178 N. Y. 508.) The appellant does not own the fee to the center of the street. (*People* v. *Degraw*, 133 N. Y. 254; *Heath* v. *Barmore*, 50 N. Y. 302; *Tifft* v. *City of Buffalo*, 82 N. Y. 204; *Kennedy* v. *M., H. & F. T. Co.*, 178 N. Y. 508.) As an abutting owner appellant is not entitled to an injunction or damages. (*Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270; *People* v. *Kerr*, 27 N. Y. 188; *Killinger* v. *F. S. S. R. Co.*, 50 N. Y. 206; *Mahady* v. *Ry. Co.*, 91 N. Y. 140; *Washington Cemetery* v. *P. P. & C. I. R. R. Co.*, 68 N. Y. 691; *Fobes* v. *R., W. & O. R. R. Co.*, 121 N. Y. 505; *Conabeer* v. *N. Y. C. R. R. Co.*, 156 N. Y. 487; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Conklin* v. *N. Y., O. & W. R. R. Co.*, 102 N. Y. 112; *Black* v. *B. H. R. R. Co.*, 32 App. Div. 468.)

WERNER, J. The first cause of action set forth in the complaint is founded upon the plaintiff's alleged ownership of the fee in the southerly half of Fulton street in front of her premises. If she is such owner she can restrain the building of the defendant's railroad in front of her premises, unless she has consented thereto or her title to the street has been acquired by the defendant. (*Peck* v. *Schenectady Ry. Co.*, 170 N. Y. 298; *Paige* v. *Schenectady Ry. Co.*, 178 N. Y. 102.)

The decision of the trial court is in the short form, under section 1022 of the Code of Civil Procedure as it stood before its amendment by chapter 85 of the Laws of 1903. As bearing upon the first cause of action, the learned court found that the plaintiff is the owner in fee of premises situate on the southerly side of Fulton street, in the borough of Queens, New York city, described as " All that certain piece or parcel of land with the building and improvements thereon, situ-

ated, lying and being in the town of Hempstead, Queens County, State of New York  *  *  *  described as follows, to wit,  *  *  *  beginning at the main road leading from Jamaica to Hempstead; from thence southerly  *  *  * thence easterly (and by various metes and bounds  *  *  * to a certain fence); thence along said fence as it now stands for a division fence along said William Martins and Widow Highe's land to the main road aforesaid; thence along the main road to the place of beginning, containing 35 acres, be the same more or less."

This is the only finding contained in the decision in any way relating to the first cause of action.   When this finding is examined in the light of section 1022 of the Code of Civil Procedure, as that section stood before its amendment in 1903, it is evident that the learned trial court either failed to make any decision whatever upon the first cause of action; or, on the contrary, arrived at a conclusion of law directly at variance with the fact found.   The so-called "short form" decision was authorized by that part of section 1022 which permitted a court or referee to "file a decision stating concisely the grounds upon which the issues have been decided." It will be observed that the decision before us simply affirms the plaintiff's ownership of her premises according to the description given, but it is silent upon the all-important question whether her title extends to the center of the street or not.   If this silence is to be regarded as a failure on the part of the trial court to pass upon that question, then the judgment must be reversed because the plaintiff is entitled to have it decided and to have the grounds of the decision concisely stated.   If, on the other hand, the finding of the description *in hæc verba* is to be treated as the equivalent of a finding that the plaintiff is the owner in fee of the southerly half of Fulton street in front of her premises, subject only to the easement of the public therein, then the judgment is unauthorized because the conclusion of law upon which it rests is irreconcilable with the fact found.

The description, as set forth in the decision, carries the

plaintiff's title to the center of the highway. "In this State, as between grantor and grantee, the conveyance of a lot bounded upon a street carries the land to the center, and there is no distinction in this respect between the streets of a city and country highways. The rights of the public in a street or highway are no higher or other than those of a mere easement, and the proprietors on each side presumptively own the soil in fee to the center thereof." (*Paige* v. *Schenectady Ry. Co.*, 178 N. Y. 102, 111, citing *Bissell* v. *N. Y. C. R. R. Co.*, 23 id. 61; *Wager* v *Troy Union R. R. Co.*, 25 id. 526, 529; *White's Bank of Buffalo* v. *Nichols*, 64 id. 65, 71; *Wallace* v. *Fee*, 50 id. 694; *Holloway* v. *Southmayd*, 139 id. 390.)

The learned counsel for the respondent invokes the rule that when a judgment entered upon a short decision has been unanimously affirmed by the Appellate Division, this court is bound to assume that the trial court found all the facts warranted by the evidence and necessary to support the judgment. (*Amherst College* v. *Ritch*, 151 N. Y. 321; *People ex rel. Manhattan Railway Co.* v. *Barker*, 152 N. Y. 435.) This rule has no application to the case at bar. As we have already stated, the court either decided the question of plaintiff's title to the bed of the southerly side of the street, or it failed to decide that question. If it failed to make a decision upon that essential element of the case, it is obvious that this unanimous affirmance rule cannot be applied for the purpose of giving effect to a judgment that is void upon its face. And so, on the other hand, if we treat the question as having been decided, the unanimous affirmance rule is equally inapplicable. The description of plaintiff's premises contained in the decision of the court, presumptively carries plaintiff's title to the center of the street. The trial court has found no facts which tend to rebut the presumption that the plaintiff owns to the center of the street. In the absence of such a finding the trial court's conclusion of law, to the effect that the complaint should be dismissed, is not warranted by the facts found.

The case of *Kennedy* v. *Mineola, H. & F. Traction Co.*

(178 N. Y. 508) is not in conflict with the views here expressed. In that case there was an affirmative finding that the plaintiff was not the owner of the highway in front of his premises, and it was, therefore, properly held that this court could not look into the record to ascertain whether there was any evidence to support that finding.

The judgment herein should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT and VANN, JJ., concur; O'BRIEN, J., absent.

Judgment reversed, etc.