Rose E. Dougherty, as Executrix of Daniel Dougherty, Deceased, et al., Appellants, *v.* The Lion Fire Insurance Company (Limited) of London, Respondent, and Daniel Dougherty, Jr., et al., Appellants.

Trial — Findings — When Judgment Unsupported Thereby. Where the court, upon the trial of an action, instead of finding either way upon the crucial question of fact in the case, simply found the evidence as given by the witnesses upon that question and then drew a conclusion which, upon the record as it stands, is unsupported by any finding of fact, the judgment entered thereon must be reversed.

*Dougherty* v. *Lion Fire Ins. Co.*, 95 App. Div. 618, reversed.

(Argued November 28, 1905; decided December 15, 1905.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 23, 1904, affirming a judgment in favor of defendant Lion Fire Insurance Company entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Amos Van Etten, H. H. Flemming* and *George A. Clement* for appellants. The appellants invoke the settled rule here that they are entitled to the benefit of the findings of fact most favorable to them. If there are findings contradictory or inconsistent they are not available to sustain the judgment of dismissal appealed from, as the others are controlling. (*Bonnell* v. *Griswold*, 89 N. Y. 122; *Counselyea* v. *Blanchard*, 103 N. Y. 222; *Wahl* v. *Barnum*, 116 N. Y. 88; *Kelly* v. *Leggett*, 122 N. Y. 633; *Israel* v. *M. Ry. Co.*, 158 N. Y. 624.)

*A. T. Clearwater* for respondent. The presumption is that all the facts which might have been found from the evidence, and which were necessary to support the judgment, were so found by the trial court and are included in the deci-

sion. (*Nat. H. Co.* v. *Bement,* 163 N. Y. 505; *People* v. *A. R. Co.,* 160 N. Y. 225; *Petrie* v. *Hamilton College,* 158 N. Y. 458; *Bomeisler* v. *Forster,* 154 N. Y. 229.)

Werner, J. This action was brought to reform a fire insurance policy, and upon the contract as reformed to recover the amount of loss sustained. The reformation asked for was the insertion in the policy of the names of the plaintiffs and defendants Dougherty as beneficiaries in the place of Catharine Dougherty, deceased, the beneficiary named therein. The facts upon which this claim for reformation is based are, briefly, as follows: For many years Catharine Dougherty had been the owner of the insured premises. She died intestate in April, 1897, leaving her surviving the plaintiffs and the defendants Dougherty, her husband and children respectively, who succeeded to her interest in the premises. The policy which had been issued to Catharine Dougherty in her lifetime expired in June, 1898, and at that time the policy in suit was issued by the defendant insurance company in her name to run for three years from its date. The loss set forth in the complaint occurred in May, 1900, or about two years after the issuance of the policy.

This last-mentioned policy was issued upon the application of the plaintiff Rose E. Dougherty; a daughter of the deceased Catharine, and her statement of what occurred at the time of its issuance is substantially as follows: On or about June 6, 1898, Irving McCausland, a clerk in the office of his father, John McCausland, who was the Kingston agent of the defendant insurance company, applied to her for leave to renew the insurance then about to expire upon the premises described in the complaint. She told him her father was away, but she would ascertain about it and let him know; that when her father came home she asked him about it and he told her to insure the property; that thereupon she went to McCausland's office and paid the premium, at which time she told Irving McCausland that her mother was dead, and that he said that would make no difference; that thereafter she

received the policy by mail addressed to Rose E. Dougherty; that she merely glanced at it, paying no particular attention to its provisions.

This testimony was not contradicted by Irving McCausland, who was called as a witness for the Doughertys. When asked whether Rose E. Dougherty had told him that her mother was dead, he replied: " I don't remember. If she did so tell me I did not understand it, and at the time the policy was issued I did not know or understand that Catharine Dougherty was dead."

The learned trial court, instead of deciding what the facts were upon this testimony, and then arriving at a legal conclusion based upon the facts found, simply made findings setting forth the testimony of Rose E. Dougherty and Irving McCausland, *pro* and *con*, and upon the evidence thus stated he concluded: " That neither the defendant, or John McCausland, the defendant's agent, or the said Irving McCausland, knew or understood at the time of the writing and issuing of said policy of insurance that the said Catharine Dougherty was dead." Upon the record thus set forth there was predicated the conclusion that there was no mistake, mutual or common to both of the parties to the contract, and that the evidence failed to justify the reformation thereof. The judgment entered upon that decision was affirmed by a divided court at the Appellate Division and from that affirmance the parties in interest who are opposed to the defendant insurance company have taken a final appeal to this court.

The most obvious feature of the record before us is, that if the statement of the plaintiff Rose E. Dougherty as to the death of her mother is to be taken as true, there was evidence upon which the trial court could have based the conclusion that the instrument should be reformed on the ground of mutual mistake. So, on the other hand, if the finding were that the fact of Catharine's death had not been communicated to McCausland it would follow as a necessary conclusion that there was no ground for reformation. Had the fact been found to be as stated by Rose E. Dougherty there would have

been ample support for the conclusion that there was a mutual mistake in respect of the beneficiary to be named in the policy, or a mistake on the part of Rose E. Dougherty and an attempted fraud on the part of McCausland, and in either event a reformation of the contract might properly have been decreed.   The question of fact upon which everything hinges in this case is whether the plaintiff, Rose E. Dougherty, before the delivery of the policy in suit, told Irving McCausland that her mother was dead.   Upon that crucial question there is no finding one way or the other.   If the trial court had found that no such statement was made, then there would be justification for the further finding " that neither the defendant, or John McCausland, the defendant's agent, or the said Irving McCausland, knew or understood at the time of the writing and issuing of the said policy of insurance that the said Catharine Dougherty was dead."   But if the finding were that the fact of Catharine Dougherty's death was communicated to Irving McCausland, who represented the insurance company in the negotiations for the policy, it would be rather difficult, if not quite impossible, to draw the inference that the defendant company and its agents were ignorant of the fact. Instead of finding either way upon this question of fact the trial court simply found the evidence as given by the witnesses and then drew the conclusion which, upon the record as it stands, is unsupported by any finding of fact.

It is no part of our present duty to decide whether the policy in suit shall ultimately be reformed or not.   What we say here is for the purpose of illustrating the obvious inconsistency of basing a legal conclusion upon a mere statement of evidence that is conflicting or from which opposing inferences may be drawn, and not to indicate our views upon the merits.   It will be time enough to pass upon the legal proposition involved when the court of first instance shall have furnished us with a finding of fact upon which a legal conclusion may properly be predicated.   While the question of practice involved may not be of great importance in this simple case, it is chiefly significant because it is one of several similar

instances that have recently been brought before us in which we have felt constrained to hold that such procedure is practically a mistrial. (*Miller* v. *N. Y. & N. S. Ry. Co.*, 183 N. Y. 123; *Cuyler* v. *Wallace*, Id. 291.)

There were other issues raised by the pleadings, but as the trial court did not decide them they present nothing for review upon this appeal.

For these reasons, and without passing upon the merits of the controversy, the judgment herein should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Judgment reversed, etc.