THOMAS J. RYAN, Appellant, *v.* WILLIAM B. FRANKLIN et al., Respondents.

Trial — findings — effect of finding that there is no evidence to sustain a cause of action or a defense.

A finding that there is no evidence to sustain a cause of action or a defense is a finding that the party has failed to establish that branch of his case, and is radically different from an affirmative finding which merely recites evidence but contains no conclusion of fact. Findings of fact and conclusions of law distinguished.

*Ryan* v. *Franklin*, 132 App. Div. 924, affirmed.

(Argued June 9, 1910; decided October 11, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 14, 1909, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert C. Smyth* and *Charles C. Sanders* for appellant.

*H. Snowden Marshall* and *Russell H. Landale* for respondents.

Werner, J. This action was brought to dissolve a copartnership composed of the plaintiff as a special partner and the defendants as general partners. By stipulation of the parties the issues to be submitted to the referee were confined to two questions: (1) Whether an allowance was to be made for the good will of the concern of W. B. Franklin & Co., and if one were to be made, what its value was and whether the plaintiff as special partner was entitled to share in it. (2) Whether the so-called Acer account is to be charged as a loss against the plaintiff as well as the defendants. As to the latter question the unanimous affirmance of the Appellate Division clearly leaves nothing for this court to review, since the findings of the referee expressly acquit the defendants of any negligence or lack of diligence in the firm's dealings with Acer. Precisely the same condition exists in respect of the former question, if the findings of the referee relating to the good will of the firm are findings of fact. Under the caption "Findings of Fact," the referee found that "There is no proof that the value of the firm name and good will of W. B. Franklin & Co., if any such value there be, was created by the use of the plaintiff's capital or by any efforts of the plaintiff and the defendants as copartners; nor is there any evidence that the value of such firm name or good will is a profit of the partnership business or an asset contemplated by the articles of copartnership as divisible between the parties on dissolution." "There is no evidence that any part or portion of the value of the firm name and good will of W. B. Franklin & Co. accrued or arose subsequent to January 1, 1905, the date of the commencement of the partnership between the plaintiff and the defendants." These findings

were followed by the conclusion of law that "Upon the liquidation of the old firm of W. B. Franklin & Co., the plaintiff is not entitled to any allowance because of any value attributable to the good will or firm name of the copartnership' of W. B. Franklin & Co."

In the case of *City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.* (168 N. Y. 610) the late Judge EDWARD T. BARTLETT wrote an opinion, in which he assumed that a similar finding was one of fact. This opinion did not receive a majority vote, only two other judges concurring therein, and one in the result. The late Judge O'BRIEN dissented, but he also treated the finding as one of fact, and Judge HAIGHT concurred with him. Thus, although there was divergence of view as to the main question, the whole court concurred in the assumption that the finding was one of fact.

In *Brokaw* v. *Duffy* (165 N. Y. 391) the finding was that "There is no evidence before the court that Bernard McKenna was insane." In that case the character of the finding was discussed, but the question does not appear to have been decided. In the prevailing opinion of Judge VANN it is referred to as "either a finding of fact or a conclusion of law," but Judge O'BRIEN, in a dissenting opinion, criticised it as "not a finding of fact or a finding of any kind." I have been unable to find any other case in which the question has arisen in the precise form in which it arises in the case at bar. Treating it as an original question I should say that the quoted findings in this case are findings of fact. The referee made the only findings in that regard which he could have made. He could not have found that there was no good will if there was no evidence upon the subject. There may have been good will of substantial value. But the plaintiff, even if entitled to share in the good will, could not recover his share without proving its value, or without showing that it came into existence under circumstances which entitled him to share in it. The quoted findings are, therefore, findings that the plaintiff has failed to establish that branch of his case. These two findings, followed by the quoted conclusion

of law, are, in effect, a decision either that there was no good will or, if there was, that it arose under conditions which entitled the plaintiff to no share in it.  A finding that there is no evidence is radically different from an affirmative finding which merely recites evidence but contains no conclusion of fact.  Such a finding was before us in *Dougherty* v. *Lion Fire Insurance Co.* (183 N. Y. 302), where we held that a mere recital of evidence is not a finding of fact.  But it seems to me an entirely different thing to find that there is no evidence to sustain a cause of action or a defense.  In the latter case the finding is *the fact* which justifies the conclusion that the cause of action or the defense is not made out.

Should we search the record, as we have no right to do if these are findings of fact, it would quickly appear that the findings and conclusions of the referee are fully justified.  The copartnership in question had been preceded by several others in which the plaintiff had been, as he was in the case at bar, a special partner whose name did not appear in the firm name. The business was that of a stock brokerage in which the plaintiff's only concern was the contribution of a certain percentage of the capital and the reaping of a specified share of the profits.  Under such circumstances there could be no presumption that a special partner would be entitled, as matter of course, to a share of good will in a business to which he had lent his capital but not his name.  If there were peculiar conditions which gave the plaintiff the right to an interest in the good will, if any, of the firm in which his name did not appear, they were matters to be proved, not presumed, and the findings that there is no such proof should be held conclusive upon the plaintiff.

I advise the affirmance of the judgment, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.