In the Matter of the Claim of MARY V. SAXON, Respondent, against ERIE RAILROAD COMPANY, Appellant. STATE INDUSTRIAL COMMISSION, Respondent.

Workmen's Compensation Law — state industrial commission must pass upon nature of employment of injured employee if it is contended and shown by any evidence that he was employed in interstate, instead of intrastate, commerce.

In view of the restrictions placed by the United States Supreme Court (*N. Y. C. & H. R. R. R. Co.* v. *Winfield*, 244 U. S. 147, reversing same case, 216 N. Y. 284) upon the application of the Workmen's Compensation Law (L. 1914, ch. 41), to the effect that compensation cannot be awarded under that act for injuries received in the course of interstate commerce, it is necessary that the commission should pass upon the nature of the employment of an injured employee, where, as in this case, the contention is seriously made and supported by evidence that the employment at the time of the injury was in the course of interstate commerce.

*Matter of Saxon* v. *Erie R. R. Co.*, 172 App. Div. 913, reversed.

(Submitted October 11, 1916; decided July 11, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 4, 1916, affirming an award of the state industrial commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Thomas Watts, Elbert N. Oakes* and *John Bright* for appellant. The deceased was engaged in interstate commerce at the time of the accident. (*Pederson* v. *D., L. & W. R. R. Co.*, 229 U. S. 146; *Eng* v. *Southern Pacific R. R. Co.*, 210 Fed. Rep. 92; *Law* v. *Illinois Central Railroad Co.*, 208 Fed. Rep. 869; *Walsh* v. *N. Y., N. H. & H. R. R. Co.*, 223 U. S. 5, 6; *Central Railway Co.* v. *Colasurdo*, 192 Fed. Rep. 901; *Dorr* v. *Baltimore & Ohio*

*R. R. Co.*, 197 Fed. Rep. 665; *Barlow* v. *Lehigh Valley R. R. Co.*, 214 N. Y. 116.) The Federal Employers' Liability Act is exclusive, and claimant's right to recover is measured by it alone. (*M. C. R. R. Co.* v. *Vreeland*, 227 U. S. 59; *St. Louis, I. Mt. & S. Ry. Co.* v. *Hesterly*, 228 U. S. 702; *St. L. Ry.* v. *Scale*, 229 U. S. 156; *N. C. R. R. Co.* v. *Zachary*, 232 U. S. 248; *Wabash R. R. Co.* v. *Hayes*, 234 U. S. 86; *People* v. *N. Y. C. & H. R. R. R. Co.*, 163 App. Div. 79; *Gee* v. *Lehigh Valley R. R. Co.*, 163 App. Div. 274; *Charleston & C. R. R.* v. *Varnville Co.*, 237 U. S. 597; *Matter of Parsons* v. *D. & H. Co.*, 167 App. Div. 536.) The Federal Employers' Liability Act is exclusive, irrespective as to whether the employer was or was not negligent. (*Staley* v. *Illinois Central R. R. Co.*, 109 N. E. Rep. 342.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The deceased employee was not engaged in interstate commerce at the time he received the injuries which resulted in his death. (*I. C. R. R. Co.* v. *Behrens*, 233 U. S. 476; *Shanks* v. *D., L. & W. R. R. Co.*, 214 N. Y. 416.)

HISCOCK, Ch. J. The findings disclose that at the time of the death of claimant's husband he was in the employ of the Erie Railroad Company, which was engaged in moving both interstate and intrastate commerce. The deceased was a machinist's helper and on the day in question had been assigned to help in making light repairs on certain engines. As he was proceeding from a spot where he had been waiting to the place where he was to engage in making these repairs he was run over by an engine and killed. The findings do not state generally whether the intestate at the time of his death was engaged in performing services which were connected with and a part of interstate commerce or whether they were connected with and a part of intrastate commerce;

they do not state even controlling evidentiary facts from which the conclusion of law might be drawn that he was engaged in one rather than the other kind of employment.

The inquiry arises whether with this omission the findings are sufficient to sustain the award, that being the only question which can be argued by appellant in view of the unanimous affirmance. We do not think they are.

The only controversy on the hearing was the one concerning the nature of the employment of claimant's husband when killed. The appellant produced a large amount of evidence in the form of uncontradicted affidavits to show that his employment was to be regarded as connected with and a part of interstate business. Assuming that the determination of this claim was governed by the rule stated in the Compensation Act (L. 1914, ch. 41), that a claim is presumed to come within the provisions of the act in the absence of substantial evidence to the contrary (Section 21), a question was presented which lay at the very foundation of the claimant's right to recover. If the deceased was engaged in services pertaining to and a part of interstate commerce she was not entitled to recover. (*N. Y. C. & H. R. R. R. Co.* v. *Winfield*, 244 U. S. 147.)

The appellant not only by evidence but by motion to dismiss the claim and by request to find, pressed this proposition upon the attention of the commission, but, as stated, the latter entirely failed to pass upon it and to find either way. Of course it should be said that this does not indicate any intention on the part of the commission to avoid decision of a material issue. That tribunal had a perfect right at the time of the hearing to assume in view of the decision of this court in *Matter of Winfield* v. *N. Y. C. & H. R. R. R. Co.* (216 N. Y. 284) that it did not make any difference whether the deceased was engaged in one or the other form of employment. But

now in view of the decision of the United States Supreme Court holding that compensation cannot be awarded under our statute for injuries received in the course of interstate commerce, it is apparent that the question was material and we must review the action of the commission in the light of the law as it has now been declared. Doing this we find that it has omitted to pass upon a decisive question which was presented to it by evidence and argument and the decision of which in favor of the appellant would have led to a dismissal of the claim. We think that such failure resulted in what was equivalent to a mistrial and necessitates a new hearing. (*Dougherty* v. *Lion Fire Ins. Co.*, 183 N. Y. 302, 306; *Morehouse* v. *Brooklyn Heights R. R. Co.*, 185 N. Y. 520.) As we have before pointed out, the application of liberal and simple rules of practice, such as should be applied to the hearing and determination of claims under the Workmen's Compensation Act, cannot be regarded as obviating the necessity of observing certain fundamental rules which are really essential to the administration of substantial justice between the parties. (*Matter of Bloomfield* v. *November*, 219 N. Y. 374.) In view of the restrictions placed by the United States Supreme Court upon the application of our statute we think that it is necessary that the commission should pass upon the nature of the employment of the injured employee where, as in this case, the contention is seriously made and supported by evidence that the employment at the time of the injury was in the course of interstate commerce.

The order of the Appellate Division and the award of the commission should be reversed and a new hearing granted, with costs to abide event.

CHASE, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur.

Order reversed, etc.