Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JANE PLASS, Respondent, for Compensation Arising Out of the Death of PETER PLASS, v. THE CENTRAL NEW ENGLAND RAILWAY COMPANY, Employer, Appellant.

*Workmen's Compensation Law — interstate commerce — status of section hand poisoned by ivy while mowing weeds on right of way.*

Appeal from an award of the State Industrial Commission, made on the 2d day of May, 1918.

Award affirmed. All concurred, except Woodward, J., dissenting with an opinion.

WOODWARD, J. (dissenting): Peter Plass, the claimant's intestate, was employed by the defendant, and on or about the 8th or 9th day of August, 1914, he was directed to mow the grass and weeds along the defendant's right of way. He is alleged to have come in contact with poison ivy while so engaged, and to have developed blood poisoning, resulting in his death on the twenty-ninth day of August of the same year. An award was made originally upon the theory that the death had resulted from an injury growing out of the occupation, and that compensation was payable, even though the claimant's intestate was at the time engaged in interstate commerce. The defendant, which carries its own insurance, insisted at all times that the decedent was engaged in interstate commerce at the time, and that he was not entitled to compensation under the State act. The case was appealed to this court and the award was affirmed (169 App. Div. 826), but upon appeal to the Court of Appeals the order of this court and the award of the State Industrial Commission were reversed, and the case sent back for a further hearing and a determination whether the claimant's intestate was engaged in interstate commerce at the time of the injury. (221 N. Y. 472.) " If," say the Court of Appeals, " there was any evidence that the work contributed to the safety and integrity of the railroad [which was engaged in intrastate and interstate commerce], the work was connected with and a part of interstate commerce by the railroad. ' Tracks and bridges are as indispensable to interstate commerce by railroads as are engines and cars, and sound economic reasons unite with settled rules of law in demanding that all of these instrumentalities be kept in repair.' " (Citing United States cases.) The court then says: " It was necessary to a lawful hearing and award that the Commission should pass, under the evidence, upon the nature of the employment in which the deceased received his injuries," citing *Matter of Saxon* v. *Erie R. R. Co.* (221 N. Y. 179). In the case cited the court calls attention to the fact that its determination in *Matter of Winfield* v. *N. Y. C. & H. R. R. R. Co.* (216 N. Y. 284) had been reversed by the United States Supreme Court (*New York Central R. R. Co.* v. *Winfield*, 244 U. S. 147), holding that " if the deceased was engaged in services pertaining to and a part of interstate commerce she was not entitled to recover," and that the character of the employment was essentially jurisdictional. In *Matter of Saxon* v. *Erie R.*

R. Co. (supra) the claimant's intestate was a machinist's helper. He was sent to make some light repairs upon an engine. In making his passage from the point of the order to the place where the engine was to be repaired he was run down by an engine and killed. The Erie railroad was engaged, as is the defendant here, in both interstate and intrastate commerce, and it was held that it was necessary for the State Industrial Commission to pass upon the question of whether the decedent was engaged in one or the other of these capacities. The determination of the character of the employment being jurisdictional in its nature, the presumption declared by the statute (assuming it to be effective) can only prevail in the absence of substantial evidence to the contrary (*Matter of Saxon* v. *Erie R. R. Co., supra*), and it is a question which must be determined upon common-law evidence. (*Kackel* v. *Serviss*, 180 App. Div. 54; *Tsangournos* v. *Smith*, 183 id. 751.) The State Industrial Commission has re-examined the case and has made a supplemental conclusion of fact that " At the time of the said accident to Peter Plass, he was not engaged in interstate commerce," and has made a new award upon the basis of this conclusion. The evidence is wholly undisputed that the decedent was employed as a section-hand upon the line of the defendant's railroad; that this railroad was engaged in both interstate and intrastate commerce, and that at the time of the injury the decedent was engaged in mowing weeds along the right of way of the railroad. That is, his general duties were those of a section-hand; he was employed in the maintenance of the way of this interstate railroad, which involved the mowing of the grass and weeds once a year. There was undisputed evidence that this mowing of weeds was necessary to the protection of the bridges and right of way generally, as well as important in the practical operation of the engines over the rails. In other words, the work which decedent was doing was keeping up the right of way, and it is idle to attempt to discriminate between the work of keeping down the weeds, protecting the railroad and its bridges and superstructure from fire and mechanical inconveniences, and the work of placing new ties or substituting rails where the old ones have become defective. The decedent was engaged in his common employment as a section-hand; he was a man of general labor in and along his section of the track of this interstate railroad, and any work which, in the ordinary practice of the corporation, in maintaining its line, within the limits of its right of way, was necessary to be done, was a service " pertaining to and a part of interstate commerce," which was outside of the jurisdiction of the State Industrial Commission (*Matter of Saxon* v. *Erie R. R. Co., supra*), and the mere declaration that he was not engaged in interstate commerce, in the face of positive evidence to the contrary, cannot give jurisdiction or justify the award which has been made. The award should be reversed and the claim dismissed.