In the Matter of the Claim of JANE PLASS, Respondent, *v.* THE CENTRAL NEW ENGLAND RAILWAY COMPANY, Appellant.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — when industrial commission must determine nature of employment, whether pertaining to intrastate or interstate commerce.**

Where an employee of a railroad company engaged in both intrastate and interstate commerce died from ivy poisoning contracted while working for the company, and there was some evidence tending to show that the deceased was engaged in work pertaining to interstate commerce, the state industrial commission should pass upon the evidence and determine the nature of such employment, and an award without any determination or finding relating thereto should be reversed and a new hearing ordered.

*Matter of Plass* v. *Central N. E. Ry. Co.,* 169 App. Div. 826, reversed.

(Argued October 4, 1917; decided November 13, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1915, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Edward R. Brumley* for appellant. The deceased, Peter Plass, was engaged in interstate commerce while working for the Central New England Railway Company on or about August 8, 1914. (*Zitnik* v. *Union P. R. R. Co.,* 145 N. W. Rep. 344; *Hadwick* v. *Wabash R. R. Co.,* 168 S. W. Rep. 328; *L. & N. R. Co.* v. *Blankenship,* 74 So. Rep. 760; *Ambrecht* v. *D., L. & W. R. R. Co.,* 101 Atl. Rep. 203; *D. & R. G. R. R. Co.* v. *Wilson,* 163 Pac. Rep. 853; *Grybowski* v. *Erie R. R. Co.,* 95 Atl. Rep. 764; *G., H. & S. A. Ry. Co.* v. *Chojnacky,* 163 S. W. Rep. 1011; *Eng* v. *South. Pac. Co.,* 210 Fed. Rep. 92;

*Southern Ry. Co.* v. *Gunn*, 240 Fed. Rep. 649; *L. & N. Ry. Co.* v. *Netherton*, 193 S. W. Rep. 1035.)  If deceased was engaged in interstate commerce at the time, the sole and exclusive remedy is under the Federal Employers' Liability Act.  (*Winfield* v. *N. Y. C. R. R. Co.*, 244 U. S. 147.)

*Merton E. Lewis, Attorney-General (E. C. Aiken of counsel), for State Industrial Commission, respondent.* The claimant's intestate was not engaged in interstate commerce.  (*I. C. R. R. Co.* v. *Behrens*, 223 U. S. 476; *M. & S. L. R. R. Co.* v. *Winters*, 242 U. S. 353; *B. & O. R. R. Co.* v. *Branson*, 242 U. S. 623; *M. & S. L. R. R. Co.* v. *Nash*, 242 U. S. 619; *N. Y. C. & H. R. R. R. Co.* v. *White*, 243 U. S. 188; *C., B. & Q. R. R. Co.* v. *Harrington*, 241 U. S. 177; *I. C. R. R. Co.* v. *Cousins*, 241 U. S. 641; *L. V. R. R. Co.* v. *Barlow*, 244 U. S. 183; *Kelly* v. *Penn. R. R. Co.*, 238 Fed. Rep. 95; *G., H. & S. A. Ry. Co.* v. *Chojnacky*, 163 S. W. Rep. 1013.)

COLLIN, J.  The findings of the state industrial commission, unanimously sustained by the Appellate Division, establish as facts: The Central New England Railway Company was a corporation engaged in both intrastate and interstate commerce.  The husband of the claimant, while employed by it, in cutting grass and removing poison ivy and other weeds along the line of its railroad in New York state, contracted ivy poisoning which caused his death.  Whether or not he in such work was securing the safety of the railroad, or was performing services which were connected with either interstate or intrastate commerce was not found.

If there was any evidence that the work contributed to the safety and integrity of the railroad, the work was connected with and a part of interstate commerce by the railroad.  " Tracks and bridges are as indispensable to interstate commerce by railroads as are engines and

cars, and sound economic reasons unite with settled rules of law in demanding that all of these instrumentalities be kept in repair." (*Pedersen* v. *D., L. & W. R. R. Co.*, 229 U. S. 146, 151; *N. Y. Central R. R. Co.* v. *Winfield*, 244 U. S. 147.) If the deceased was engaged in services pertaining to and a part of interstate commerce, the claimant was not entitled to an award. (*N. Y. Central R. R. Co.* v. *Winfield*, 244 U. S. 147.)

A witness in behalf of the employer testified that the object of the work was the safety of the bridges of the railroad and of the adjoining property and to keep fires from spreading; if the grass and weeds caught fire it might destroy parts of the railroad, and the weeds and grass, not cut and removed, would to a certain extent destroy the track, would come upon the track and cause the engines to slip. This testimony could not be wholly disregarded by the commission. It constituted some evidence, demanding a determination, that the work of the deceased was or was not within interstate commerce. The employer by the evidence, objections, request to find and argument directed the attention of the commission to its claim that an award could not be made because the deceased was engaged in interstate commerce. It was necessary to a lawful hearing and award that the commission should pass, under the evidence, upon the nature of the employment in which the deceased received his injuries. (*Matter of Saxon* v. *Erie R. R. Co.*, 221 N. Y. 179.)

The order of the Appellate Division and the award of the commission should be reversed, and a new hearing ordered, with costs to abide event.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGH-LIN and CRANE, JJ., concur.

Order reversed, etc.