NEW YORK CENTRAL RAILROAD COMPANY, SUCCESSOR OF THE NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY, *v.* POR- TER, FOR HERSELF AND FOR HER FOUR MINOR CHILDREN, ETC., ET AL.

ERROR TO THE SUPREME COURT, APPELLATE DIVISION, THIRD JUDICIAL DEPARTMENT, OF THE STATE OF NEW YORK.

No. 134. Submitted January 10, 1919.—Decided March 3, 1919.

An employee of a railroad company killed by a train while removing snow on its premises from a space between a platform and a track used in interstate as well as intrastate commerce, *held* employed in interstate commerce; the resulting rights and liabilities were de- terminable by the Federal Employers' Liability Act and the State Workmen's Compensation Law was inapplicable.

172 App. Div. 918, reversed.

THE case is stated in the opinion.

*Mr. Robert E. Whalen* for plaintiff in error.

*Mr. Merton E. Lewis,* Attorney General of the State of New York, and *Mr. E. Clarence Aiken* for defendants in error. *Mr. Albert T. Wilkinson,* for defendants in error, in a separate brief.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Lewis M. Porter, a section-man, was struck and in- stantly killed by plaintiff in error's engine attached to a passenger train and moving along the main track. The Appellate Division affirmed an award in behalf of his

widow and children under the New York Workmen's Compensation Law.

If the deceased was employed in interstate commerce when the accident occurred, consequent rights and liabilities arose under the Federal Employers' Liability Act and the state statute did not apply. *New York Central R. R. Co.* v. *Winfield*, 244 U. S. 147; *Erie R. R. Co.* v. *Winfield*, 244 U. S. 170.

The evidence showed and the State Workmen's Compensation Commission found: "Lewis M. Porter resided at Camden, N. Y., and upon the date of the accident, December 17, 1914, was in the employ of The New York Central Railroad Company as a laborer. On said date, while engaged in shoveling snow upon the premises of The New York Central Railroad Company between the west bound track and a platform near the intersection of said tracks and Mexico Street in the Village of Camden, he was struck by the engine of a passenger train known as train No. 49, which was proceeding northerly on the west bound track, receiving injuries from which he died immediately. The tracks of The New York Central Railroad Company at the point where the deceased was working, were used for the purpose of transporting both interstate and intrastate cars and both interstate and intrastate commerce."

Considered in connection with our opinions in *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.*, 229 U. S. 146; *Southern Ry. Co.* v. *Puckett*, 244 U. S. 571, and cases there cited, we think the circumstances here presented make it quite clear that when killed Porter was employed in interstate commerce. Accordingly, the judgment below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE CLARKE dissents.