In the Matter of the Claim of JANE PLASS, Respondent, *v.* THE CENTRAL NEW ENGLAND RAILWAY COMPANY, Appellant.

**Workmen's Compensation Law — appeal — award made by industrial commission, affirmed by Appellate Division — decision of Appellate Division, although not unanimous, must be affirmed by this court if there is any evidence to support it.**

Where a section laborer of a railroad, while engaged in mowing grass upon the right of way of the railroad, contracted ivy poisoning resulting in his death, and the state industrial commission, whose decision has been affirmed by the Appellate Division, has found that the intestate was not engaged in interstate commerce at the time he contracted poisoning, and made an award to the intestate's widow, this court, although the decision of the Appellate Division was not unanimous, can only review its determination to ascertain whether there be any evidence or reasonable inferences deduced from the testimony upon which to base it, and where there is some evidence or at least reasonable inferences to be drawn from the evidence to sustain its conclusion, the order of the Appellate Division must be affirmed, since this court cannot pass upon the weight of testimony and say whether, or not, the question of fact was rightly decided.

*Matter of Plass* v. *Central N. E. Ry. Co.*, 186 App. Div. 918, affirmed.

(Reargued May 26, 1919; decided June 6, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judical department, entered November 26, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.   (See 226 N. Y. 569, 621.)

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward R. Brumley* and *John M. Gibbons* for appellant. The deceased, Peter Plass, was engaged in interstate commerce while working for the Central New England

29

Railway Company. · (*N. Y. C. R. R. Co.* v. *Porter*, 249 U. S. 168; *Erie R. R. Co.* v. *Welsh*, 242 U. S. 303; *McKee* v. *Ohio Valley El. R. R. Co.*, 78 W. Va. 131; *Peder on* v. *D., L. & W. R. R. Co.*, 229 U. S. 146; *Southern Ry. Co.* v. *Puckett*, 244 U. S. 571; *Erie R. R. Co.* v. *Winfield*, 244 U. S. 170; *N. Y. C. R. R. Co.* v. *Zachary*, 232 U. S. 248; *Long* v. *Biddle*, 124 Ark. 127.)

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

CRANE J. When this case was here before, we sent it back to the commission to determine whether or not Plass, the deceased, was engaged in interstate commerce. (221 N. Y. 472.) This question of fact had not been determined. Upon a rehearing it was found by the state industrial commission that he was not engaged in interstate commerce at the time he received the injury resulting in his death.

The award to the widow was affirmed by the Appellate Division and by this court. A re-argument has been had, upon the assertion that the decision of *New York Central Railroad Co.* v. *Porter* (249 U. S. 168) requires us to reverse our former decision.

The powers of this court are limited by the Constitution of the state to a review of questions of law, except where the judgment is of death. No unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to support a finding of fact or a verdict not directed by the court shall be reviewed by the Court of Appeals. (Const. art. VI, § 9.)

As the Appellate Division decision was not unanimous in affirming this award we are permitted to review its determination to the extent only of ascertaining whether there be any evidence or reasonable inferences deduced from the testimony upon which to base it.

Plass was engaged on the 8th day of August, 1914, as a section laborer in mowing grass upon the right of way of the Central New England railway in the town of Red Hook, Dutchess county, New York. He contracted ivy poisoning, resulting in his death, August 29th, 1914.

The road was a short line of about thirty-five miles of single track, running from Rhinecliff on the New York Central to Boston Corners, where there is a connection with the Central New England railroad. At times cars used for interstate shipment passed over this branch.

Section 82 of the Railroad Law (Cons. Laws ch. 49.) reads as follows:

" Every railroad corporation doing business within this state, shall cause all Canada thistles, white and yellow daisies and other noxious weeds growing on any lands owned or occupied by it, to be cut down twice in each and every year, once between the fifteenth day of June and the twenty-fifth day of June, and once between the fifteenth day of August and the twenty-fifth day of August. If any such corporation shall neglect to cause the same to be so cut down, any person may cut the same, between the twenty-fifth day of June and the fifth day of July inclusive, and between the twenty-fifth day of August and the fifth day of September inclusive in each year, at the expense of the corporation on whose lands the same shall be so cut, at the rate of three dollars per day for the time occupied in cutting."

In compliance with this law the railroad once a year, perhaps twice, cut the weeds upon its right of way.

It was while doing this work that Plass was poisoned. For five feet each side of the tracks the roadbed was kept clean of weeds by shovels, so that it was between the fence alongside the right of way and this five feet that Plass was working.

Cuneen, the assistant superintendent, said: " The nature and purpose of the work is to cut the weeds and

grass along the right of way in order to prevent fires to bridges and trestles and spreading to adjacent property. * * * To prevent the grass and weeds getting on the rails and stalling the trains."

There was no bridge or trestle within a mile of this place, in fact there is no evidence to show that there is any bridge or trestle on the thirty-five miles of road, or if so, what it is made of. Crilley, the " Rhinecliff branch " supervisor, testified that Plass " was mowing the right of way, cutting grass and bushes." It is fair to assume that the right of way referred to was the space from the rail to the fence. It is not likely he would mow between the rails.

The triers of fact were not obliged to believe that weeds growing here could or would stall trains. These witnesses for the railroad company, in view of all the circumstances, could reasonably be charged with some exaggeration. Whether or not the weeds on the right of way were cut solely to comply with the Railroad Law and prevent fire to adjoining property or to protect bridges and trains was a question of fact for the industrial commission and we think there was some evidence or at least reasonable inferences to be drawn from the evidence to sustain its conclusion.

If this be so, we cannot pass upon the weight of evidence and say whether, in our opinion, this question of fact were rightly decided. In order to present the question we have taken the evidence most favorable to the respondent, which the commission might have believed.

The order appealed from should be affirmed, without costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur; COLLIN, J., dissents on authority of *N. Y. C. R. R. Co.* v. *Porter* (249 U. S. 168).

Order affirmed, etc.