In the Matter of the Claim of MATTHEW QUIRK, Respondent, against ERIE RAILROAD COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — railroads — when track laborer on interstate railroad engaged in interstate commerce — claim for workmen's compensation, for injury received while so engaged dismissed.**

A track laborer, employed by an interstate railroad, whose duty it was to clean up the yard, cut the grass and weeds growing near the tracks, pick up spikes and drawheads, which often dropped out of cars, as well as chunks of coal and ashes, is engaged in interstate commerce, and a claim, under the Workmen's Compensation Law, for compensation for injury received through his being hit by a rod projecting from a passing car while thus working on a track should be dismissed.

*Matter of Quirk* v. *Erie R. R. Co.*, 203 App. Div. 347, reversed.

(Argued February 28, 1923; decided April 17, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 28, 1922, affirming an award of the state industrial board made under the Workmen's Compensation Law.

*F. J. Meagher* for appellant. Claimant was engaged in interstate commerce at the time he received his injury. (*Pederson* v. *D., L. & W. R. R. Co.*, 229 U. S. 146; *Shanks* v. *D., L. & W. R. R. Co.*, 239 U. S. 556; *N. Y. C. R. R. Co.* v. *Carr*, 238 U. S. 261; *Erie R. R. Co.* v. *Collins*, 253 U. S. 77; *Erie R. R. Co.* v. *Szary*, 253 U. S. 86; *N. Y. Central R. R. Co.* v. *Porter*, 249 U. S. 168; *N. Y. Central R. R. Co.* v. *Winfield*, 244 U. S. 147; *Phila. & Read. Ry. Co.* v. *DiDonato*, 256 U. S. 327; *Eng.* v. *Southern Pacific R. R. Co.*, 210 Fed. Rep. 92; *Roush* v. *Baltimore & Ohio R. R. Co.*, 243 Fed. Rep. 712; *Grybowski* v. *Erie R. R. Co.*, 88 N. J. L. 1; 89 N. J. L. 361.)

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for respondent. At the time of the accident claimant was not engaged in interstate commerce. (*Plass* v. *C. N. E. Ry. Co.*, 226 N. Y. 449; *Galveston, H. & S. A. Ry. Co.* v. *Chajnocky*, 163 S. W. Rep. 1013; *Gingliano* v. *L. V. R. R. Co.*, 185 App. Div. 900; 224 N. Y. 713; *Gallagher* v. *N. Y. C. R. R. Co.*, 180 App. Div. 88; 222 N. Y. 649; *Grecia* v. *U. S. R. R. Adm.*, 192 App. Div. 939; *Cosmo* v. *N. Y. C. R. R. Co.*, 193 App. Div. 347; *I. C. R. R. Co.* v. *Behrens*, 233 U. S. 473; *Erie R. R. Co.* v. *Welch*, 242 U. S. 303.)

CARDOZO, J. The claimant was employed by the Erie Railroad Company, an interstate line, as a track laborer in the railroad yard at Deposit, New York. His duty, as described in his own testimony, was to clean up the yard. He cut the grass and weeds found growing near the tracks. He picked up spikes and drawheads, which often dropped out of the cars, as well as chunks of coal and ashes. The chief reason for removing grass and weeds was to make the grounds neat and attractive in appearance (*Plass* v. *C. N. E. Ry. Co.*, 226 N. Y. 449). The chief reason for picking up " scrap " was to guard against derailment. This appears by the testimony of the claimant himself. A drawhead, he says, might cause a wreck. The like appears by the testimony of others, a superintendent and a foreman. There was danger, they tell us, not only in the presence of drawheads, but in accumulated coal and clinkers. Switchmen making up trains would stumble and fall. The protection of travelers and workmen was the prime consideration. · So the employer's witnesses assert. There is nothing to the contrary.

The claimant while thus working on a track was hit by a rod projecting from a passing car. We think he was engaged in interstate commerce. There is no dispute that this would be true if at the moment of the accident he had been picking up a bolt or anything that would be

a source of danger.  The argument is, however, that he was brought within another orbit because the last thing that he did was to pluck some grass and weeds.  We think this involves an undue subdivision of a service which in reality was single and entire.  The claimant was employed generally to pick up growths and rubbish. At one moment he would be stooping to uproot an unsightly weed.  At another he would be stooping to remove a perilous obstruction.  His duty was a continuing one to be on the watch for things of danger.  It was not broken and interrupted from one moment to another as this object or that came forward in the field of vision. His position in this respect is like that of a watchman in a signal tower, who is in interstate commerce whenever on the watch (*Erie R. R. Co.* v. *Collins*, 253 U. S. 77; *Erie R. R. Co.* v. *Szary*, 253 U. S. 86).  It is like that of the laborer who removes snow from the tracks or from adjoining spaces for the protection of the roadbed (*N. Y. Central R. R.* v. *Porter*, 249 U. S. 168).  " The service of a flagman concerns the safety of both commerces, and to separate his duties by moments of time or particular incidents of its exertion would be to destroy its unity and commit it to confusing controversies " (*Philadelphia & Reading Ry. Co.* v. *Di Donato*, 256 U. S. 327, 331.)

The order of the Appellate Division and the award of the state industrial board should be reversed and the claim dismissed, with costs against the said board in all courts.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.