In the Matter of the Claim of MAUDE WISE, Respondent, against NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*C. L. Andrus* [*George F. Roesch* and *Elbert N. Oakes* of counsel], for the appellant.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

WHITMYER, J. Whether or not deceased was engaged in work of interstate commerce when he was drowned is the question.

The employer was an interstate carrier and was engaged, among other things, in bringing coal from the State of Pennsylvania to the dock at Cornwall, N. Y., for shipment to points beyond by means of boats, to which it was transferred from the cars. The evidence shows that the coal was not consigned to and that Cornwall was not the final destination, but that it was destined for points beyond along the Hudson, in New York and New Jersey or for New England points.

This does not show that the stoppage at Cornwall was for the purpose of determining or directing the final destination, but shows

that it was the transfer point from cars to boats, for shipment to points beyond, as previously directed.

The work was interstate.

Deceased was drowned on August 1, 1929, at ten-thirty A. M., while he was working as a laborer for the carrier.

It was part of his work to gather up spilled coal and screenings and to wheel the same to the boiler room to be used in firing the boilers, to produce power for hoisting the coal to the top of the dock, for transfer to the boats, by which it was to be carried beyond. While doing this, he was drowned.

Thus, he was engaged in interstate commerce or in work so closely connected with it that it was a part of it. (*Stuart* v. *Pennsylvania R. R. Co.*, 222 App. Div. 844; *Guida* v. *Pennsylvania R. R. Co.*, 183 id. 822; affd., 224 N. Y. 712; *Pedersen* v. *Delaware, L. & W. R. R. Co.*, 229 U. S. 146; *Southern Pacific Co.* v. *Industrial Accident Comm.*, 251 id. 259; *Roush* v. *B. & O. R. Co.*, 243 Fed. 712; *Quirk* v. *Erie R. R. Co.*, 235 N. Y. 405.)

I think that the award should be reversed and that the claim should be dismissed, with costs against the State Industrial Board.

HINMAN, Acting P. J., and HASBROUCK, J., concur; DAVIS and HILL, JJ., dissent and vote for affirmance on the ground that the shipment of coal stopped and came to rest at Cornwall; that it had no future destination within or without the State then determined upon; and the act of the decedent in wheeling coal to the boilers was not an engagement in interstate commerce. (*Chicago, Burlington & Q. R. R. Co.* v. *Harrington*, 241 U. S. 177; *Lehigh Valley R. R. Co.* v. *Barlow*, 244 id. 183.)

Award reversed and claim dismissed, with costs against the State Industrial Board.