In the Matter of the Claim of RUTH GENEVIEVE CULLEN, Respondent, against ERIE RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1933.

*Marion H. Fisher* [*Rollin A. Fancher* of counsel], for the appellant.

*Robert E. Congdon*, for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Hector A. Robichon, Assistant Attorneys-General*, of counsel], for the State Industrial Board, respondent.

HILL, P. J. The Industrial Commission has awarded death benefits to the widow of Charles Cullen, who met his death while an employee of the Erie Railroad Company, working in its yards at Jamestown, N. Y. A finding was made that " the claimant was not engaged in interstate commerce, nor in any work so closely identified thereto as to be a part thereof." It has been said that " The question whether an employee is or is not engaged in interstate commerce involves a consideration of acts which he is performing at the time and perhaps of surrounding conditions and the ultimate conclusion that he was or was not engaged in such commerce is a mixed finding of law and fact." (*Matter of Otterstedt* v. *L. & H. R. R. Co.*, 234 N. Y. 203, 206.) However, if there is no dispute or controversy as to the acts or surrounding conditions, there is no place for a finding of fact; the determination is a conclusion of law.

Deceased was known in the railroad service as a sergeant of

police. It was his duty to inspect cars, doors and seals on freight trains, and the brakes and journal boxes on both freight and passenger trains. Train No. 72 was an interstate train, made up at Meadville, Penn., for a run to Salamanca, N. Y. On the night of the injury it came into the Jamestown yard at about two-six A. M. It was a regular train and deceased sought to arrange his meal period and other work to the end that he might be free each night to inspect it. On the night of the injury he inquired of the train dispatcher at one-fifty o'clock as to the probable arriving time of this train and learned it was due in about twenty minutes. He was struck at two-four that morning by a car that was being moved along switch track No. 9, which was immediately south of the east-bound track upon which train 72 would approach. After his injury he stated that he was struck while going to the track upon which this train would arrive. All of the facts compel the inference that deceased, after learning from the dispatcher that the train was to arrive shortly, started toward the track upon which it was approaching, and received his injuries *en route*. In *St. Louis & San Francisco R. Co.* v. *Seale* (229 U. S. 156) the intestate was engaged at the time of his injury in work very similar to that of the deceased in the instant case. Seale was injured while going to inspect an interstate freight train. To reach the track upon which it would approach, he crossed intervening tracks. While passing over one of these, he was struck by a switch engine. The court determined that he was engaged in interstate commerce. A railway employee on his way from a depot to a mail car is engaged in interstate commerce. (*Lynch* v. *Boston & Maine R. R. Co.*, 227 Mass. 123.)

The injury having been received while deceased was engaged in interstate commerce, an award may not be made under the New York State Workmen's Compensation Law. (*New York Central R. R. Co.* v. *Winfield*, 244 U. S. 147.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

RHODES, McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.