In the Matter of the Claim of ANNA N. MACLEMALE, Respondent, against THE NEW YORK CENTRAL RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 10, 1937.

*Whalen, McNamee, Creble & Nichols [Robert E. Whalen of counsel], for the appellant.*

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistan Attorney-General, of counsel], for the State Industrial Board, respondent.*

RHODES, J.   Deceased was employed as a patrolman in the yaids of the appellant in Rochester.

At times previous to the accident obstructions had been discovered on the passenger tracks comprising the main line west of Kent street, such tracks being used in interstate transportation, and duties of deceased required him to patrol the tracks several times during the night to see that there were no obstructions there.

On the night in question, December 22, 1935, he proceeded west from the Kent street bridge along these tracks and was killed near this bridge by a train, the inference being that he was returning eastwardly over his route of inspection to the Kent street freight house which was described as his " post," or the building where he stayed when not making inspections.   His hours were from midnight until eight o'clock in the morning, and the accident occurred about seven-forty A. M., just before he was scheduled to go off duty.

The test for determining whether an employee is engaged in interstate commerce has been stated as follows: " Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it? "

The referee below thought that in the cases of *Chicago & E. I. R. R. Co.* v. *Commission* (284 U. S. 296) and *N. Y., N. H. & H. R. R. Co.* v. *Bezue* (Id. 415) the United States Supreme Court had enunciated a new rule; a reading of the cases indicates, however,

that the rule remains the same, the difficulty being in its application. (See, also, *Chicago & N. W. R. Co.* v. *Bolle*, 284 U. S. 74; *Shanks* v. *D., L. & W. R. R. Co.*, 239 U. S. 556, 558.)

In *Quirk* v. *Erie R. R. Co.* (235 N. Y. 405) it was held that a track laborer, whose duty it was, among other things, to pick up spikes and drawheads which often dropped out of cars upon the tracks, was engaged in interstate commerce, the service concerning the safety of both interstate and intrastate commerce. The court said: " His position in this respect is like that of a watchman in a signal tower, who is in interstate commerce whenever on the watch. (*Erie R. R. Co.* v. *Collins*, 253 U. S. 77; *Erie R. R. Co.* v. *Szary*, 253 U. S. 86.) It is like that of the laborer who removes snow from the tracks or from adjoining spaces for the protection of the roadbed. (*N. Y. Central R. R. Co.* v. *Porter*, 249 U. S. 168.) " (See, also, *Philadelphia & Reading R. Co.* v. *DiDonato*, 256 U. S. 327; *Matter of Cullen* v. *Erie R. R. Co.*, 239 App. Div. 223.)

It is said in behalf of the respondent that the deceased had completed his work in connection with the inspection of the tracks and was on his way back to the freight house to go off duty; that he was, therefore, performing no service in connection with interstate transportation at the time of the accident. The proof shows that when struck the deceased was on the tracks which he was required to inspect, and there is nothing to indicate that he had ended his inspection except the inference to be drawn from the fact that he was proceeding toward his post just before quitting time; even so, his employment was not changed. (*Pallocco* v. *Lehigh Valley R. R. Co.*, 236 N. Y. 110; *Erie R. R. Co.* v. *Winfield*, 244 U. S. 170; *North Carolina R. R. Co.* v. *Zachary*, 232 id. 248.)

The award should be reversed and the claim dismissed, with costs to the appellant against the State Industrial Board.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.