THOMAS J. GILLESPIE *v.* VERMONT HOSIERY & MACHINERY CO. ET AL.

February Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

410

*J. Boone Wilson, Charles F. Black* and *Willsie E. Brisbin* for the defendants.

*Norbert J. Towne* and *Finn & Monti* for the claimant.

ON MOTION TO DISMISS.

SLACK, J.  The defendants appeal from an award in claimant's favor under the Workmen's Compensation Act.

█ The first question for review concerns the validity of the appeal, which is challenged on the grounds that it was not seasonably entered and docketed with the clerk of this Court and because only one copy of such papers was filed with him. The appeal was taken and allowed December 7, 1937. No question is made but that this was done within the time required by statute. P. L. 6548, 6550. The former section provides that either party may appeal from an award of the commissioner to the county court within ten days after receiving notice of the same, and that such appeal shall be entered and docketed in that court within the time prescribed by P. L. 1475 for entering appeals to that court from a justice court, namely, within twenty-one days from the time the appeal is taken. P. L. 6550 provides that:

"If an appeal is not taken under the provisions of the second preceding section within the time limited therefor either party may, within five days thereafter, appeal to the Supreme Court; and the jurisdiction of such court shall be limited to a review of questions of law certified to it by the commissioner. On such an appeal or on an appeal taken as provided in the two preceding sections and coming to the Supreme Court on exceptions from the county court, the Supreme Court may render final judgment and award execution, or may remand the cause to the county court or to the commissioner for further findings or for a new order by him in accordance with the mandate of such court."

This statute fixes no time within which an appeal taken thereunder must be entered in this Court. The claimant contends that the provisions of P. L. 1475 apply to such appeals as well as to those taken under P. L. 6548; and argues that since no other method of appeal is provided by the statutes the words "such appeal" that appear early in the second sentence of 6550 can refer only to an appeal taken in the manner prescribed in the two preceding sections. This argument is clearly without merit. Those sections have to do solely with appeals to the county court. Even a cursory reading of the entire sentence in which these words appear shows that their use is to specify in what cases this Court may do certain things, and nothing else. When words admit of but one meaning, a court is not at liberty

to speculate on the intention of the Legislature, or to construe an act according to its own notion of what should have been enacted. Endlich on Int. of Statutes, par. 7. This would be to substitute legislative for judicial functions, which is never permissible. Since P. L. 6550 explicitly gives the right to appeal but fails to fix the time within which the same must be entered in this Court, it will be presumed that a reasonable time was intended. What constitutes a reasonable time depends upon the circumstances in a particular case. It appears in the instant case that on December 7, 1937, the claimant filed with the commissioner a motion to dismiss this appeal; that the commissioner held a hearing thereon December 22, denied the same on January 8, furnished defendants with the appeal papers January 10, and the same were entered and docketed in this Court January 19. We think that in the circumstances this appeal was entered and docketed within a reasonable time. No statute has been called to our attention that requires the filing of an extra copy of the appeal papers in appeals under P. L. 6550. The motion is denied.

### On Merits of the Appeal.

MOULTON, J. This is an appeal by the employer and the insurance carrier from an award in favor of the claimant, made by the commissioner of industries.

From the findings of fact it is made to appear that the claimant was, at the time of the accident, employed as night watchman and caretaker at the mill of the Vermont Hosiery and Machinery Company. He was about sixty-three years of age, and had been for years afflicted with arteriosclerosis, which is a disease of very slow progress, and takes a long time to reach a stage which will totally and permanently disable the sufferer. In the claimant's case the trouble caused him to walk unsteadily, produced pain in his left shoulder, arm and hand and in both legs, and made his left hand cold and red. Up to the time of the accident, however, he was working steadily, and his system was adapted to the decreased blood supply, and the hardening of his arteries had become compensated for. He had, also, a pronounced curvature of the spine, but since the commissioner has found, in effect, that this condition played no part in his injury or the results of it, we need not give it further attention.

414

On the early morning of December 8, 1936, the claimant left the mill to go to his home. As he turned to assure himself that the door was locked, he slipped on the icy platform and fell, striking on his left shoulder and the base of his head, being rendered unconscious. On reaching home he had difficulty in breathing, pain and soreness in his left shoulder, arm and back. During two weeks he spit blood, and there was blood in his urine, which is found to have been the direct result of his fall.

The commissioner has found that the disability from the accident, the consequent confinement and inactivity and the lowered resistance of the claimant gave the arteriosclerotic process time to interfere with his bodily functions, and it "caught up with him," so that when the disability from the fall itself came to an end, which was on or about May 18, 1937, the hardening of the arteries could no longer be compensated for, and there has been permanent and total disability from the day of the accident. "I find," says the commissioner, "that there is an unbroken chain of causation and effect between the accident or fall of December 8, 1936, and the claimant's total and permanent disability, and I therefore hold that the accident has caused the claimant to become totally and permanently disabled."

It is the paragraph just quoted that is attacked by the appellants, who claim (1) that the statement as to the claim of causation between the fall and the total and permanent disability is a conclusion of law, and hence subject to review in this court, and (2) that the statement that the accident has caused the total and permanent disability is not warranted by the findings elsewhere made.

For present purposes it is immaterial whether the finding as to causation is a conclusion of law or an inference of fact, for whichever it may be it is based upon facts previously found, and if it is supported by them it cannot be disregarded. *Travellers' Ins. Co.* v. *Gebo,* 106 Vt. 155, 164, 170 Atl. 917; *Waterman* v. *Moody,* 92 Vt. 218, 239, 103 Atl. 325. The commissioner's findings of fact stand like those of a referee or master. *Kelley's Depts.* v. *Hoosac Lumber Co.,* 95 Vt. 50, 55, 113 Atl. 818; *Hall* v. *Crystal Lake Ice Co.,* 109 Vt. 416, 199 Atl. 252 (decided at the present May Term). So we must presume that he inferred such facts from those certified as he ought to have inferred, or might reasonably have inferred (*Labor* v. *Carpenter,*

102 Vt. 418, 422, 148 Atl. 867), and we must construe the findings to support the award, if it can reasonably be done. *Gardner* v. *Gauthier*, 101 Vt. 147, 149, 141 Atl. 682.

We have held that where a dormant disease is revived or accelerated by an accidental injury causing disability or death, full compensation is allowable. *Morrill* v. *Bianchi & Sons, Inc.*, 107 Vt. 80, 87, 176 Atl. 416. Here, as in the case last cited, there is no doubt that the claimant sustained personal injuries by the accident. The findings, construed in favor of the award, show that the results of the injury accelerated the progress of the arteriosclerosis. This is a reasonable inference from the facts previously found, and we may assume, in support of the award, that it was drawn by the commissioner. True, the disease, if left to itself, and apart from any injury, would, in time, have inevitably caused a complete disability, but this is not the test; as it was, the disability came upon the claimant earlier than otherwise would have occurred. See *Morrill* v. *Bianchi & Sons, Inc., supra,* 87. The commissioner's findings that there was an unbroken chain of causation between the accident and the total and permanent disability and that such disability was caused by the accident are amply supported by the facts previously found, and concerning which no question is raised.

*Award affirmed. To be certified to the commissioner of industries.*

When this cause was heard, at the February Term, 1938, it was assigned to Mr. Justice Slack. Subsequently, and after his decease, it was reassigned to Mr. Justice Moulton.