SIDNEY LAWRENCE *v.* RUTLAND RAILROAD CO.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*Asa S. Bloomer* for claimant.

*E. W. Lawrence* for the employer.

JEFFORDS, J. This is an appeal from an award in favor of the claimant by the Commissioner of Industrial Relations. The accident upon which the claim for compensation is based is stated in the notice and application for a hearing as having occurred on August 8, 1941. Upon hearing the Commissioner

found that the defendant is a common carrier by railroad principally engaged in interstate commerce. In May, 1940, the claimant was employed by the defendant and while helping repair the track after a washout he injured his back and was unable to work for three or four days following the accident. He then returned and continued to work quite regularly for the defendant, doing odd jobs for others outside his railroad time of four or five days a week. On August 8, 1941, the claimant was employed by the defendant on its main line a few miles south of Vergennes on a machine known as a weeder. This is a motor car having appliances attached to and extending from it which cuts the weeds from the ballast on the right of way and pull them up from the same and then smooth the furrows made by this pulling operation. "The weeding is done in the summer before a certain date, generally in compliance with the state law (P. L. 6287) requiring that all weeds growing within the surveyed boundaries of the railroad be cut and destroyed between July 1 and 15 in each year."

On the day in question the weeder did not contain any person or thing *en route* from or to any place beyond this state and it had not come from and was not destined to any place beyond the state.

The claimant who was a "wing man" on the car reached out to pick up the heavy drag chain and in doing so strained his back which hurt him in the same spot as on the occurrence of May 20, 1940, when he lifted the pipe. The claimant at the time of the accident was instructing another employee in the operation of the appliances on his side of the machine.

After the accident the claimant continued to work for a little over two weeks but his back continued to pain him and he went to a doctor and then to a hospital where he was confined at the time of the hearing. The Commissioner found that the claimant had been totally disabled from his back injury from August 25, 1941, to the date of hearing and also made findings as to his average weekly wages.

The Commissioner held that on August 8th the weeder was not an instrumentality of interstate transportation of commerce and was not then being used in such commerce; that the claimant at this time was not employed in such commerce, and was not

so employed at the time of the first accident; that the evidence tends to show and he holds that at the time of both accidents the particular service in which the claimant was engaged was not interstate transportation of commerce or in work so closely related to it as to be practically a part of it, so that the case does not come within the purview of the Federal Employers' Liability Act, 45 U. S. C. A. sec. 51 and consequently he (the Commissioner) has jurisdiction of the case. There was a finding and a holding that the claimant's back injuries of May 20, 1940, and August 8, 1941, were personal injuries by accident arising out of and in the course of his employment with the defendant.

An order was made that the receiver of the defendant pay to the claimant weekly compensation of $8.20 from September 1, 1941, until total disability due to the second accident has ended but not to exceed 260 weeks.

The defendant excepted to the various holdings of the Commissioner and to the award. The only exceptions briefed relate to the jurisdiction of the Commissioner. The defendant states, in substance, as grounds for its exceptions that both the claimant and the defendant were engaged in interstate commerce at the time of both accidents within the meaning of the federal act so that the Vermont Workmen's Compensation Act does not apply; that the claimant at the time of each accident was an employee of a carrier, a part of whose duties was the furtherance of interstate or foreign commerce or which directly or closely and substantially affected such commerce.

 If the claimant was employed in interstate commerce on August 8, 1941, his consequent rights from the accident arose under the Federal Employers' Liability Act and our statute does not apply. This statement of the law is not questioned by either party and could not well be. See *N. Y. C. R. Co.* v. *Porter,* 249 U. S. 168, 39 S. Ct. 188, 63 L. ed. 536. The criterion of applicability of the federal statute, as set forth in the cases arising prior to the amendment to the act hereinafter referred to and discussed as to its application to the facts in the present case, is the employee's occupation at the time of his injury in interstate transportation or work so closely related thereto as to be practically a part of it. *N. Y. N. H. & H. R. Co.* v. *Bezue,* 284 U. S. 415, 52 S. Ct. 205, 76 L. ed. 370, 77 A. L. R. 1370; *Shanks*

v. *Delaware, L. & W. R. Co.*, 239 U. S. 556, 36 S. Ct. 188, 60 L. ed. 436, L. R. A. 1916C, 797. With these rules for a guide, the only question for our determination is whether the defendant has shown error in the holdings of the Commissioner on this jurisdictional matter. The answer must be found in the findings of facts made by the Commissioner. Since these findings are unchallenged the award must stand if they fairly and reasonably tend to support it. *Blake* v. *American Fork & Hoe Co.*, 99 Vt. 301, 304, 131 Atl. 844. Every reasonable intendment will be made and doubtful findings are to be so read, if they reasonably may be, as to support the award. *Campbell* v. *Ryan*, 112 Vt. 238, 240, 22 Atl. (2d) 502; *Manchester* v. *Townshend*, 110 Vt. 136, 144, 2 Atl. (2d) 207; *Gillespie* v. *Vt. Hosiery & Machinery Co.*, 109 Vt. 409, 415, 199 Atl. 564.

▆ The statements of the Commissioner to the effect that the claimant at the time of this accident was not engaged in interstate transportation or commerce although denominated by him as "holdings" are properly to be considered as findings of fact. *Plass* v. *Central N. E. Ry. Co.*, 221 N. Y. 472, 117 N. E. 952; Id., 226 N. Y. 449, 569, 621, 123 N. E. 852. In our opinion other findings upon which this ultimate fact is apparently based fairly and reasonably tend to support the latter. Applying the before mentioned rules of construction it sufficiently appears, especially from the above quoted portion of the findings, that the Commissioner found the weeding on the day in question was being done in compliance with P. L. 6287. The findings might well have been clearer on this point but they are clear enough to reasonably warrant the construction that we have given them.

P. L. 6287 reads as follows: "A person or corporation operating a railroad in this state shall cause all thistles and noxious weeds growing within the surveyed boundaries of such railroad to be cut and destroyed between July 1 and 15 in each year." By sec. 6288 it is provided that in case of failure so to do in a town through which such road passes the selectmen of that town after notice and failure of compliance shall cause the thistles and weeds to be cut at the expense of the town which shall then be entitled to recover of the operator of the railroad one hundred dollars in an action of tort.

The New York cases, *supra,* are much in point. Plass who

was a section hand employed by the defendant railroad while mowing grass and weeds along the right of way of the defendant railroad on August 8th of a certain year contracted ivy poisoning from which he died. His widow brought a claim under the state workmen's compensation act and obtained an award. The claim of the defendant was that an award could not be made because the deceased at the time of the accident was engaged in interstate commerce. When the case first reached the Court of Appeals it was sent back to the Commission to determine the fact of whether or not Plass was so engaged at the time. The Commission found that he was not and made an award which was affirmed when the case again came before that court.

From the opinion appearing in 226 N. Y. 449, 569, 621, 123 N. E. 852, it appears that a statute of that state required a railroad corporation to cut thistles and noxious weeds growing on lands owned or occupied by it twice in each year, once between the 15th and 25th of June and also between August 15th and 25th. It was also provided that in case the railroad failed to comply with this statute any person might do the cutting between certain specified dates at the expense of the railroad. The court held that the evidence in the case warranted the finding of the Commission that Plass was not engaged in interstate commerce. It stated, in effect, that the trier had the right to believe that the weeds were cut solely to comply with the state statute and prevent fire to adjoining property rather than to protect bridges and trains of the defendant as indicated by some of defendant's witnesses.

■ It is clear that the primary purpose of P. L. 6287 is to prevent the spread of thistles and noxious weeds to the lands of adjoining owners. The reason for this protective statute need not be elaborated upon. It must be apparent to any one who has seen the ravishing effect of paint brush and similar weeds on the meadow and pasture lands of this state. Under no reasonable construction can any purpose be found in this statute for the furtherance or protection of interstate commerce or transportation. Consequently the finding that the work was being done in compliance with this statute fully justified both the further finding that the claimant at the time of the accident was not engaged in such commerce and the jurisdictional holding of the Commissioner.

The defendant in its brief claims that P. L. 6287 has no application as the weeding was not being done within the time therein specified. Neither was it being done within the periods specified in the New York statute but the court did not even refer to this fact in either opinion in the Plass case. It is true that here there was not a literal compliance with the statute. It may well be that such a compliance was impossible with the equipment of the defendant designed for this use. But compliance has been found by the Commissioner and it can make no difference in the result whether such be termed substantial or attempted compliance, in either event the purpose of the weeding would be the carrying out of the statute and not the furtherance of interstate commerce.

The defendant relies largely on *Rader* v. *B. & O. R. Co.*, 108 Fed. (2d) 980. In that case it was held that a section man engaged in clearing the road bed or right of way of brush was engaged in interstate commerce. That case is distinguishable from the present for several reasons. There no local statute was being complied with in doing the work. Then too, although in the course of the opinion the removal of weeds is apparently placed in the same category as brush as relating to work of interstate transportation or commerce, this was an *obiter* statement and would hardly seem to apply to the present case in any event. The reason given in the Rader case for the statement that the removal of obstacles, including weeds, brush and timber, from the right of way was work in interstate commerce was that an unobstructed view might be had for the safety of passengers of the railroad as well as the general public using the highways. Although brush and trees grow to such a height that if unchecked they might well obstruct the view of those in charge of a train it would seem rather far fetched to hold that the growth which we commonly know as ''weeds'' would have this effect. P. L. 6289 might be noted in this connection.

The defendant also relies on *Wright* v. *N. Y. C. R. Co.*, 263 App. Div. 461, 33 N. Y. S. (2d) 531. The facts in that case are not at all similar to those in the one under consideration. The case does show however that the scope of the Federal Employer's Liability Act has been broadened by the amendment of August 11, 1939, c. 685, sec. 1, 53 Stat. 1404, so as to include

practically all employees of interstate carriers by including "any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce." See also *Ermin* v. *Penn. R. Co.*, D. C., 36 F. Supp. 936; *Southern Pacific Co.* v. *Industrial Accident Com.* (Cal.) 120 Pac. (2d) 880; *Piggue* v. *Baldwin*, 154 Kans. 707, 121 Pac. (2d) 183. That the defendant relies on this amendment is also indicated by the phraseology of two grounds of its exceptions. The trouble with its position on this point is that there is no finding nor any necessary inference to be drawn from the findings that any part of the duties of the claimant were in the furtherance of such commerce or in any way directly or closely and substantially affected the same, the findings being silent as to his general duties, if any, as an employee of the railroad.

We are unable to ascertain from the record any reason why the Commissioner should have made findings and holdings that the occurrence in May, 1940, resulted in injuries by accident arising out of and in the course of claimant's employment and that at the time he was not engaged in interstate commerce. From claimant's notice it clearly appears that he relies for his claim for compensable injuries only on the accident in August, 1941. It is plain from the record that the order of the Commissioner is based solely on the injuries received at this later time. From the record it is apparent that the only bearing the injuries received in 1940 could have on those he suffered over a year later would be as evidence tending to show that as a result of the former his back was weakened and consequently he was more susceptible to injury in that part of his body at the later date. Inasmuch as it appears that these findings and holdings were immaterial and irrelevant to any issue presented by the record and had no bearing on the order made we are not called upon to discuss any questions raised by such findings and holdings.

*No error having been made to appear, the award is affirmed, with costs. Let the result be certified to the Commissioner of Industrial Relations.*