## Thelma Hurwitz v. Camp Derry, Inc. and American Fidelity Company

[360 A.2d 53]

No. 160-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

*Robert Grussing, III,* Brattleboro, for Plaintiff.

*Garfield H. Miller* of *Black and Plante,* White River Junction, for Defendants.

**Smith, J.** The plaintiff, Thelma Hurwitz, claims that she tripped over a rock in a grassy area at Camp Derry, while employed there, on July 7, 1962, and as a result thereof suffered various injuries. Mrs. Hurwitz filed a claim for workman's compensation, and a hearing was conducted on December 12, 1966, before the Commissioner of Labor and Industry, who found for the plaintiff in his order dated July 31, 1970. An appeal was taken by defendants to Washington Superior Court, and a de novo hearing was held April 29, 1974. The Court issued its findings of fact and conclusions of law on July 2, 1974, and filed a judgment order on July 17, 1975, denying plaintiff's claim. Plaintiff has appealed this decision to this Court.

The plaintiff has presented three issues for determination by this Court. (1) Did the court below err in finding that the plaintiff was neither a "workman" nor an "employee", but was instead an employer? (2) Did the court below err in finding

that the plaintiff had failed to show by the requisite burden of proof that her complaints were caused by an accident arising out of and in the course of her employment? (3) Did the court below err in finding that the plaintiff had not met the necessary burden of proof on the issue of whether she was totally disabled?

We first consider the second issue, for if the plaintiff did not show by the required burden of proof that her complaints were due to an accident arising out of and in the course of her employment then she is not entitled to compensation under the terms of the Vermont Workmen's Compensation Act. Title 21 V.S.A. § 618 of that act requires that, to recover, the claimant must show that the personal injury arose out of and in the course of employment.

The only direct evidence as to the cause of plaintiff's injury came from the plaintiff herself. This evidence was that on July 7, 1962, she tripped over a stone or stones in a grassy section of the Camp Derry property. The only other evidence to support plaintiff's position came from her brother, Dr. A. B. Gould, who, in a deposition taken some ten years following the alleged accident, provided a description of plaintiff's injuries and disability, which, Dr. Gould stated, could have resulted from the claimed accident.

The evidence of the defendants was the following report made by Dr. Bernard J. Hubenet, plaintiff's attending physician upon her admission to Rutland Hospital on July 10, 1962:

> Patient walked fast two miles three weeks ago. Following day had some pain in right thigh. Pain continued and patient has kept going despite pain til a week ago when pain caused her finally to go check it. Pain aggravated by strain, cough and sneeze.

V.R.C.P. 52(a) provides, "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses and the weight of the evidence." Findings of fact must be taken in a light most favorable to the prevailing party, and the effect of modifying evidence must be excluded.

*Wilson* v. *Hilske*, 132 Vt. 506, 507, 321 A.2d 16 (1974); *Green*

*Mountain Marble Co.* v. *State Highway Board,* 130 Vt. 455, 457, 296 A.2d 198 (1972). The court below expressly found that plaintiff had failed to show that she had suffered a personal injury by accident arising out of and in the course of her employment.

The report of Dr. Hubenet was competent evidence upon which the court could make its above finding since, "Statements of a presently existing bodily condition made by a patient to a doctor consulted for treatment are almost universally admitted as evidence of the facts stated, and even courts greatly limiting the admissibility of declarations of bodily condition generally will admit statements made under these circumstances. Although statements to physicians are not likely to be spontaneous, since they are usually made in response to questions, their reliability is assured by the likelihood that the patient believes that the effectiveness of the treatment he receives may depend largely upon the accuracy of the information he provides the physician." C. McCormick, Evidence § 292, at 690 (2d ed. E. Cleary 1972).

As we have oft stated, the weight of the evidence was for the trial court, as is the credibility to be attributed to the witnesses. Nothing has been shown here that the finding made below that the plaintiff had failed to show that her injury resulted from the alleged accident was clearly erroneous.

*Judgment affirmed. Let the judgment order be certified to the Commissioner of Labor and Industry.*