# City of Burlington v. Donald D. Davis

[624 A.2d 872]

No. 92-190

Present: **Dooley, Morse and Johnson, JJ., and Peck, J. (Ret.) and Martin, Supr. J., Specially Assigned**

Opinion Filed March 26, 1993

*Lawrence Miller, Sarah M. Powell,* and *Andrew Morse* of *Miller & Faignant, P.C.,* Rutland, for Plaintiff-Appellee.

*Keith J. Kasper* of *McNamara, Fitzpatrick, McCormick & Mertz, P.C.,* Burlington, for Defendant-Appellant.

**Morse, J.** Claimant, a former police officer for the City of Burlington, appeals from a superior court ruling that he did not suffer a compensable injury pursuant to Vermont Workers' Compensation Act. The sole issue is whether the court's finding on causation is clearly erroneous. We affirm.

In the early 1980's, claimant suffered several seizures as a manifestation of a brain tumor. One of these seizures occurred on September 19, 1984, after claimant testified at an executive session of the Burlington Police Commission about a series of charges made against him. Thereafter he was unable to continue in his employment. Hearing was held on his claim in 1988, where the Commissioner of Labor and Industry ruled in claimant's favor. In 1989, claimant died as a result of the brain tumor.

The City appealed to the superior court for de novo review. The court, relying on the testimony of claimant's physician, found that claimant suffered no ongoing injury as a result of the 1984 seizure and that claimant "probably would be in a similar condition" even if he had not experienced work-related stress. Claimant's expert testified that the seizures did not affect the underlying brain tumor. According to the court, although "the work-related incident led to a new treatment regime, with higher dosages, in turn barring return to work, this was not caused by the work-related incident. That incident must be characterized as evanescent. It is the brain tumor which required the new dosages, not the particular seizure or any after-effects of the seizure." Because the court decided the case as the trier of fact, findings shall not be set aside unless clearly erroneous. V.R.C.P. 52. The court's conclusions, which addressed mixed questions of law and fact, will be upheld if supported by the findings. *Cameron v. Double A. Services, Inc.*, 156 Vt. 577, 581, 595 A.2d 259, 261–62 (1991).

■ If claimant's condition was aggravated or accelerated by the stressful work situation, he would have been entitled to benefits. *Jackson v. True Temper Corp.*, 151 Vt. 592, 595, 563 A.2d 621, 623 (1989). The proper inquiry is whether "'the disability came upon the claimant earlier than otherwise would have occurred.'" *Id.* at 596, 563 A.2d at 623 (quoting *Gillespie v. Vermont Hosiery & Machinery Co.*, 109 Vt. 409, 415, 199 A. 564, 566 (1938)).

In *Jackson*, the jury found causation sufficient where the employee's underlying condition, alcoholism, worsened after the employee was injured by a rip saw at work. *Id.* at 597, 563 A.2d at 624. Thereafter, he developed seizures as a result of the resurgence of his drinking and was unable to retain his employment.

Here, however, the evidence was that claimant suffered seizures as early as 1980 as a result of a brain tumor, and again suffered a stress-related seizure in 1984, after which he was unable to work. Contrary to *Jackson*, the fact finder here found no acceleration of a preexisting condition entitling claimant to benefits. His seizure at work did not cause him to have the seizures that followed. The symptoms did not cause more symptoms; the abnormal physical condition caused the symptoms.

Contrary to the dissent's view, the only "coincidence" was that the seizure that marked the beginning of the debilitating treatment regime occurred at work instead of somewhere else.

The evidence amply supported the court's view that claimant would have been just as disabled had he not gone to work that day. Claimant's expert testified that it was "a reasonable assumption" that without the stressful situation at work in 1984, claimant would still have had seizures, and that "reasoned judgment" would put claimant "in a similar condition" regardless of whether or not the stressful situation had occurred. Moreover, although stress might hasten the occurrence of seizures, "the progression of the underlying condition" made it reasonable that more seizures would occur. In other words, the incident when the seizure occurred merely "led to," in the sense of "was followed by," the disability. The court made clear that it was the brain tumor that caused the disability, "not the particular seizure or any after-effects of the seizure."

Having found, based on the evidence before it, that the required nexus was lacking, the court concluded that claimant was not entitled to benefits under the Workers' Compensation statute. The dissent's quarrel is that the standard of review does not permit the result it would prefer. The superior court's findings, not being clearly erroneous, must stand regardless of how we might have viewed the evidence. *Hurwitz v. Camp Derry, Inc.*, 134 Vt. 306, 307, 360 A.2d 53, 55 (1976).

*Affirmed.*

**Dooley, J.,** dissenting. In order to affirm, the majority endorses a mistaken view of our law and combines it with a misstatement of the facts found by the trial court. I cannot accept either, and therefore dissent.

To avoid the confusing characterizations that pervade this case, it is critical at the outset to state what is undisputed. It is undisputed that claimant's seizures were caused by the brain tumor in combination with other factors, such as the stress claimant was under. Without the brain tumor there would have been no seizures. It is also undisputed that the charges leveled against claimant at the Burlington Police Commission meeting and the events of that meeting caused a seizure, but did not accelerate the growth of the brain tumor. Put another way, the

tumor caused the seizures; the seizures did not cause the tumor or its characteristics.

These undisputed facts do not, however, prevent the claim for workers' compensation. "Our law is clear that the aggravation *or acceleration* of a preexisting condition by an employment accident is compensable under the workers' compensation law." *Jackson v. True Temper Corp.*, 151 Vt. 592, 595, 563 A.2d 621, 623 (1989) (emphasis in original); accord *Gillespie v. Vermont Hosiery & Machinery Co.*, 109 Vt. 409, 415, 199 A. 564, 566 (1938) ("where a dormant disease is revived or accelerated by an accidental injury causing disability or death, full compensation is allowable"). Thus, when an underlying condition unrelated to work eventually would have resulted in disability even absent an intervening work-related injury, the disability is compensable where the work-related incident caused the disability to surface sooner than it otherwise would have. See *Jackson*, 151 Vt. at 596, 563 A.2d at 624.

The real issue in this case is whether the "condition" for purposes of the *Jackson* rule is the seizure disorder or the brain tumor. Without facing this question, the majority appears to assume that it is the tumor and holds that because the growth of claimant's tumor, and presumably the date of his death, was unaffected by the police commission meeting, there can be no compensation. Our precedents demonstrate, however, that the acceleration rule must be looked at in relation to the overall condition of the body, particularly as it relates to plaintiff's ability to work and function. See, e.g., *Campbell v. Heinrich Savelberg, Inc.*, 139 Vt. 31, 35, 421 A.2d 1291, 1294 (1980). Thus, in *Jackson*, although there was an underlying disease of encephalopathy, we focused on the resulting "seizure disorder" and the effect of the accident on the frequency of seizures. *Jackson*, 151 Vt. at 595–96, 563 A.2d at 623. When the *Jackson* approach is used in this case, we must judge the effect of the stress of the commission meeting on claimant's seizure condition. As discussed below, that condition was accelerated; claimant should be entitled to compensation.

The nature of the difference in approach can be more clearly seen if we add one hypothetical fact to this case. Assume that the medical expert testified that absent the commission meeting, claimant would not have had another seizure until 1988 and

would have died on exactly the same date in 1989. The majority would deny compensation because the tumor grew at the same rate, whether or not the commission meeting occurred, and the date of death was not changed. I would grant compensation because claimant lost three years of employment earnings. The purpose of workers' compensation is to make up for loss of earnings because of an employment-related incident. Indeed, the acceleration rule is virtually eliminated if we accept the majority's view.

The majority's legal error is compounded by a factual error. The majority reads the trial court as finding that the commission meeting had no effect on claimant's disabling condition. Put another way, the majority is saying that claimant would not have been able to work on or after September 20, 1984, whether or not the commission meeting had been held. This is an incredible coincidence; the police commission meeting, and the seizure it induced, happened the day before claimant's seizures would have prevented him from working in any event.

There is no support in the testimony for this coincidence theory, and the trial court did not find such a coincidence. The language the majority quotes is the trial court's acceptance of the legal theory that, for claimant to receive compensation, the tumor had to be affected. In fact, the trial court found that the seizure led to both the treatment for the seizure condition and claimant's inability to return to work. In this context, "led to" can mean only that the seizure caused claimant's loss of employment. If this language is the basis of the majority opinion, the easy answer is to order a remand for clarification of the trial court finding. This approach is preferable to endorsing an incredible factual scenario to deny compensation.

When we cut through all confusing verbiage, we find a claimant who suffered a work-related "accident" and never worked another day in the approximately four remaining years of his life. If the accident had never occurred, claimant would have continued to work for weeks, months or even years before his disease made this impossible. Up until this case, these facts would have entitled a worker to compensation to make up for the lost income. The retrenchment this case represents is unjustified and unnecessary. I dissent.

I am authorized to state that Justice Johnson joins in this dissent.