## RADER v. BALTIMORE & O. R. CO.
### No. 6928.

Circuit Court of Appeals, Seventh Circuit.
Jan. 17, 1940.

Joseph D. Ryan, Edmund M. Sinnott, Louis P. Miller, and V. Russell Donaghy, all of Chicago, Ill., for appellee.

Edward W. Rawlins, James F. Wright, and H. D. Sheean, all of Chicago, Ill. (E.

W. Lademann and Fay Warren Johnson, both of Chicago, Ill., of counsel), for appellant.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff in an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries occasioned by the alleged negligence of a section foreman on defendant's railroad.

The complaint alleged that on March 11, 1937, the defendant operated railroad lines through Hancock County, Ohio, and between there and the Northern District of Illinois, and transported freight and passengers through said District in both intrastate and interstate commerce, and was doing business within the meaning of Section 6 of the Federal Employers' Liability Act. It was further alleged that the plaintiff, on the aforesaid day, was at work for the defendant as a section man and had been engaged in repairing and maintaining certain railroad tracks of the defendant which were used in transportation of trains in interstate commerce and transportation, and at the order of his foreman, was operating a speeder upon defendant's tracks; that a speeder operated by the foreman, and following the one operated by plaintiff, negligently collided with the latter, throwing the plaintiff therefrom and causing the injuries complained of.

Defendant, in its answer, admitted that it transported freight and passengers in intrastate and interstate commerce as alleged in plaintiff's complaint, but denied that at the time of the said accident and injuries to the plaintiff, that plaintiff was engaged in work in interstate transportation, and also denied the various acts of negligence set forth in the complaint.

Part II of the defendant's answer alleged that the plaintiff, at the time of the alleged accident, was a resident of the County of Hancock and State of Ohio, and that the defendant was amenable to service of process at various places in that State, including Hancock and Lucas Counties; that a suit was instituted in the United States District Court at Toledo, Lucas County, to recover damages on account of said accident and injuries on November 24, 1937, which suit was dismissed on plaintiff's motion May 4, 1938. It was alleged that on May 7, 1938, the same cause of action was instituted by the plaintiff in the Superior Court of Cook County, Illinois, and that the defendant appeared and answered; also, that the defendant, on July 27, 1938, instituted a suit in the State Court of Hancock County against the plaintiff, in which a temporary injunction order was entered enjoining the plaintiff from maintaining or prosecuting said suit in the Superior Court of Cook County and, that thereupon, the plaintiff, on September 16, 1938, dismissed the Cook County suit. It was also alleged that on the same day of the latter dismissal, the plaintiff instituted the instant suit, being the same cause of action as that commenced in the United States District Court of Ohio, and the Superior Court of Cook County. It was further alleged that on September 29, 1938, the defendant filed a supplemental petition in the Ohio Court upon which a temporary restraining order was issued enjoining the plaintiff from maintaining or prosecuting the instant suit. In a supplemental answer, the defendant set forth that this temporary order of the Ohio State Court was made perpetual on January 25, 1939.

The District Court granted plaintiff's motion to strike Part II of defendant's answer, as well as its supplemental answer.

The principal errors relied upon for reversal are: (1) The trial court erred in its refusal to direct a verdict in favor of the defendant. Under this point it is argued that the plaintiff, at the time of the accident, was in no way engaged in or connected with interstate transportation and, that there was no evidence of negligence in the operation of the speeder by defendant's foreman. (2) The court erred in granting plaintiff's motion to strike Part II of defendant's answer and defendant's supplemental answer. (3) The court erred in not dismissing plaintiff's action in conformity with Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

So far as here material, the evidence discloses that plaintiff was a section man whose general duties were to clean up the right-of-way and to maintain the track. On the day in question, he cleaned snow out of the switches pursuant to specific instructions, and tightened some bolts. When this work was done, plaintiff drove a speeder to Chase Crossing, arriving around 8:30 A. M., where, following orders given him the day before, he cut brush and cleaned the

right-of-way—the same character of work performed the previous day. Shortly afterwards, he was joined in this work by one Beckman, the section foreman, and one Cope, another section man. They all continued this work until about 10 A. M., when they decided to go to Findlay, a distance of three and one-half miles. The purpose in making this trip was to obtain their pay checks, which was customary, and also to obtain tools to be used in their brush cutting work.

Plaintiff started to Findlay on one speeder and Beckman and Cope followed on another. When approaching Buckeye Crossing, about two miles from the Chase Crossing, plaintiff observed an automobile approaching the railroad-highway intersection. He held out his hand as a signal to Beckman that his speed was being reduced and Beckman acknowledged the signal. When there was no further danger from collision with the automobile, plaintiff turned on the gas and picked up speed. At the time he passed the highway crossing, Beckman was about one hundred fifty feet behind. From then on, plaintiff continued to look forward until at a point about two hundred feet beyond the highway crossing, where the speeder driven by him was overtaken and crashed into by the one driven by Beckman. Beckman's version is to the effect that they both slowed down for the crossing; that he increased his speed at the crossing, but failed to again slow down in time to avoid colliding with plaintiff's speeder.

Defendant argues that plaintiff, at the time of his injury, was not engaged in interstate transportation, or in work so closely related thereto as to be practically a part thereof. In considering this question, we think it must be viewed from the standpoint of the nature and character of work in which plaintiff was engaged upon the morning of the accident.[1] True, at the precise moment of the accident, plaintiff was not engaged in actual work common to a section hand, yet he was upon a mission, under the direction of the section foreman, the purpose of which was, in part, the obtaining of tools to be used shortly in a continuation of his regular work.

A more serious question, however, is whether plaintiff, as a section man, in cutting brush on the right-of-way, was engaged in interstate transportation, or in work so closely related to such transportation as to be practically a part of it. Defendant states its position thus: " * * * In such work, which is static in character, the requisite of motion or action in interstate transportation is lacking entirely. Such work does not directly or intimately concern interstate transportation as such in essential meaning."

It is not difficult to find authorities which apparently sustain both sides of the controversy. The case relied upon most strongly by plaintiff is that of Pedersen v. Delaware, Lackawanna & Western R. Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed. 1125, Ann. Cas.1914C, 153, decided May 26, 1913. In that case the employee was injured while carrying some bolts which were to be used by a repair crew to repair a bridge. The court held the employee to be within the Act, and in 229 U.S. on page 151, 33 S.Ct. on page 649, 57 L.Ed. 1125, Ann.Cas.1914C, 153, said: " * * * Tracks and bridges are as indispensable to interstate commerce by railroad as are engines and cars; and sound economic reasons unite with settled rules of law in demanding that all of these instrumentalities be kept in repair. The security, expedition, and efficiency of the commerce depends in large measure upon this being done. * * * "

This holding has never been expressly disapproved, but on the contrary has been cited with approval in a number of cases wherein the court held the work being performed such as to bring the employee within the terms of the Act. Among such cases is that of New York Cent. R. R. Co. v. Porter, 249 U.S. 168, 169, 39 S.Ct. 188, 63 L.Ed. 536, wherein the employee was a section man engaged in shoveling snow; Kinzell v. Chicago, M. & St. P. R. Co., 250 U.S. 130, 133, 39 S.Ct. 412, 63 L.Ed. 893, wherein the employee was engaged in filling a wooden trestle-work bridge with earth, and Philadelphia & R. R. Co. v. Di Donato, 256 U.S. 327, 329, 41 S.Ct. 516, 65 L.Ed. 955, wherein the employee was stationed at a public crossing to signal trains and guard the tracks against disorder and obstruction.

Defendant, on the other hand, relies upon what it designates as a line of authorities which it is claimed, impliedly at least, overrule the rule in the Pedersen case. The

---

[1] Erie R. Co. v. Winfield, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057, Ann. Cas.1918B, 662; North Carolina R. Co. v. Zachary, 232 U.S. 248, 34 S.Ct. 305, 58 L.Ed. 591, Ann.Cas.1914C, 159.

first of such authorities is that of Shanks v. Delaware, Lackawanna & Western R. R. Co., 239 U.S. 556, 36 S.Ct. 188, 60 L.Ed. 436, L.R.A.1916C, 797. There the employee, on the day of his injury, was engaged in putting into a new location a mechanism through which power was communicated to machinery used in repair work in connection with locomotives used in interstate transportation. It was held his employment was too remote and that he was not within the Act. There the court, for the first time, seems to have limited interstate commerce to include only an employee engaged in interstate transportation. On page 558 of 239 U.S., 36 S.Ct. on page 189, 60 L.Ed. 436, L.R.A.1916C, 797, it said: "* * * and that the true test of employment in such commerce in the sense intended is, was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?"

It is this statement, approved by the court in later cases, which defendant contends distinguishes such cases from the Pedersen case. It is worthy of note, however, that in the Shanks case (239 U.S. at page 559, 36 S.Ct. 188, 60 L.Ed. 436, L.R.A.1916C, 797), the Pedersen case is cited with approval. The rule announced in the Shanks case was cited with approval in Chicago, Burlington & Q. R. Co. v. Harrington, 241 U.S. 177, 36 S.Ct. 517, 60 L.Ed. 941, wherein an employee, at the time of his injury, was engaged in removing coal from a storage track to a coal shed where it was later to be supplied to locomotives employed in interstate transportation.

Again the Shanks case was approved in Chicago & N. W. Ry. Co. v. Bolle, 284 U. S. 74, 52 S.Ct. 59, 76 L.Ed. 173, wherein the employee was engaged in firing a stationary engine which was utilized to generate steam for the purpose of heating the depot and baggage room, and also passenger coaches standing in the yards which had been removed from an interstate train, or which might be later used in connection with such train. This employment was held not to be incidental to transportation in interstate commerce.

Again the Shanks case was followed in Chicago & E. I. R. Co. v. Industrial Commission of Illinois, 284 U.S. 296, 52 S.Ct. 151, 76 L.Ed. 304, 77 A.L.R. 1367, wherein the employee was engaged in oiling an electric motor which was used for hoisting coal into a chute to be subsequently used by locomotives employed in interstate traffic. The court in this case overruled Erie R. Co. v. Collins, 253 U.S. 77, 40 S.Ct. 450, 64 L.Ed. 790, and Erie R. Co. v. Szary, 253 U.S. 86, 40 S.Ct. 454, 64 L.Ed. 794, as being out of harmony with the decisions of the courts subsequent to the decision in the Shanks case.

The overruled Collins case cites the Pedersen case and for this reason, defendant argues that the Pedersen case was likewise impliedly overruled. We do not think this argument is tenable. We know of no rule which requires the overruling of a decision merely because it is cited in another case which is expressly overruled. If the court had desired to overrule the Pedersen case, as it did the Collins and Szary cases, it undoubtedly would have so stated.

Defendant argues that since the decisions above referred to, in 284 U.S. 296, 52 S.Ct. 151, 76 L.Ed. 304, 77 A.L.R. 1367, "any maintenance work along the right-of-way of an interstate railroad company such as plaintiff was doing, is no longer considered as work in the facilitation of interstate transportation, or work so closely related to interstate transportation as to be practically a part of it." A study of the decisions of the Supreme Court, however, is not convincing that such is the case. Defendant's contention in this respect, however, does find some support in Louisville & N. R. Co. v. Brittain, 5 Cir., 93 F.2d 159, wherein the employee, at the time of his injury, was engaged in hauling timbers to replace the foundation around and about the platform of a nonagency station. The court, in holding that such employee was not within the Act, cites and discusses authorities, including those to which we have heretofore referred. While we have no difficulty in agreeing with the conclusion which the court there reached, we do not agree with all that is said. For instance, the court seems to hold that the test as to whether an employee is engaged in interstate transportation must depend upon whether the work being done is "static or dynamic." Defendant seeks to invoke this test in the instant case, and argues that the work in which the plaintiff was engaged was, in its nature, static and, therefore, not within the Act. Such a test would virtually exclude all employees except those physically engaged in the actual movement of the train. We do not believe the authorities justify such a narrow construction of the

Act. It seems to us a better test, and one not inconsistent with the authorities is, whether or not the character of the work is such as to facilitate the movement of trains in interstate commerce. Of course, even under this test, the work might be so remote as to exclude it from the intendment of the Act.

■ If "tracks and bridges are as indispensable to interstate commerce" as are engines and cars,·as was held in the Pedersen case, and which we do not think has been overruled, we think it must be held that a section man engaged in clearing the road bed or right-of-way of brush, is likewise engaged in work indispensable to interstate commerce, as applied to transportation therein. We recognize that such work is somewhat more remote than the actual repair of the track or bridge over which the trains move, but at the same time we think it must be recognized that a road bed or right-of-way free from obstacles, including weeds, brush and timber so that an unobstructed view thereof may be had, is highly essential to the safety and protection of those who are passengers of the railroad, as well as the general public using the highways which intersect such railroads. If so, such work facilitates interstate transportation.

We conclude that plaintiff's employment was such as to bring him within the terms of the Act relied upon.

■■ It is also argued by the defendant that no negligence was shown which would justify the court in sending the case to the jury. We do not agree with this contention—on the contrary, we think it was an appropriate jury question. The section foreman was following the plaintiff, each driving a speeder. There was a duty upon the former to exercise reasonable care so as not to collide with the latter. His explanation as to the manner in which he discharged this duty is anything but satisfactory, and the jury was justified in believing and finding that plaintiff's injury was a result of his negligence. While we do not intimate, much less hold, that plaintiff was or might have been guilty of contributory negligence, yet if such was the case, it was no defense under the Act.

■ Defendant, by its answer and supplemental answer, sought to invoke as a defense, the restraining order issued by the State Court of Ohio, which it is argued enjoined the plaintiff from a prosecution of the instant suit. We think the action of the court was proper in striking ·the answer and supplemental answer, for two reasons. In the first place, the order of the Ohio Court merely enjoined the plaintiff from the prosecution of its suit then pending in the Superior Court of Cook County. This cause was dismissed and the instant action filed in the United States District Court. Service was had upon the defendant and that court thus acquired jurisdiction of the parties and the subject matter. After having thus acquired jurisdiction, defendant obtained a supplemental order in the Ohio Court enjoining the instant suit. The court, in the instant case, however, having first acquired jurisdiction, was under no duty to pay any heed to such order.

■ In the second place, we are convinced that even though the restraining order of the Ohio State Court had included a restraint against the prosecution of the instant suit, it would have been without force.[2] This conclusion involves the question as to whether a State Court has the power to enjoin the prosecution of a suit in a United States District Court, under the terms and provisions of the Federal Employers' Liability Act.

Defendant cites a number of cases[3] in support of the power of the State Court in this respect.

Its argument invokes the Constitutional provision, Article 4, § 1, U.S.C.A., which requires that due faith and credit be given to judicial proceedings of the various states. There was not involved, however, in any of the authorities relied upon, a suit predicated upon the Employers' Liability Act, and we do not think they are controlling, especially in view of the fact that courts generally have held to the contrary.

[2] December 8, 1939, plaintiff filed a certified copy of an order of the Court of Appeals, Hancock County, Ohio, entered the 23rd day of March, 1939, suspending the injunction until the further order of the court.

[3] Davis v. Farmers' Co-operative Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996; Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220; Bryant v. Atlantic Coast Line R. Co., 2 Cir., 92 F.2d 569; Reed's Adm'x v. Illinois Central R. Co., 182 Ky. 455, 206 S.W. 794; Cole v. Cunningham, 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538; American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298.

In Southern R. Co. v. Cochran, 6 Cir., 56 F.2d 1019, 1020, the court considered a similar question, and said: " * * * Jurisdiction is here asserted by a court of the United States under the mandate of a federal statute. It must be borne in mind that Congress has the power to regulate interstate commerce. The states have no such power. If the effect of a federal statute conferring jurisdiction upon a federal court is to place a burden upon interstate commerce, the power for that purpose exists, and the remedy is legislative and not judicial. * * *"

In McConnell v. Thomson, 213 Ind. 16, 8 N.E.2d 986, 11 N.E.2d 183, 113 A.L.R. 1429, the court considered the instant question, with an exhaustive review of the authorities and reached the conclusion that a state court was without power to enjoin such action under circumstances similar to those here presented. The court, 213 Ind. 16, 8 N.E.2d at page 991, 11 N.E.2d 183, 113 A.L.R. 1429, said: " * * * Consequently when a state court, as in the instant case, attempts to enjoin a litigant from prosecuting his cause of action, arising under the Federal Employers' Liability Act, in a District Court of the district in which the defendant is doing business, such action, if effective, destroys a federal right of the litigant and obstructs the performance of a duty imposed by act of Congress upon a District Court of the United States. This is beyond the power of a state court."

Other authorities are to the same effect.[4]

The third and last error relied upon is that the court should have dismissed the cause of action by reason of Rule 41 of the Federal Rules of Civil Procedure. This rule has to do with voluntary dismissal of suits and the effect thereof. So far as here pertinent, it provides: " * * * Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

For the purpose of considering defendant's contention, we again state in chronological order the pertinent facts: Plaintiff first filed his suit in the United States District Court of Ohio, November 24, 1937; dismissed said suit on his own motion May 4, 1938; filed his suit in the Superior Court of Cook County May 7, 1938; dismissed the same September 16, 1938, (the same date on which Federal Rules of Civil Procedure became effective) and on the same date filed the instant suit in the United States District Court of Illinois. It is defendant's argument that the voluntary dismissal of plaintiff's suit in the Superior Court of Cook County on September 16, 1938, after having dismissed his first action in the United States District Court of Ohio, "operated as an adjudication upon the merits" under the rule in question. We do not think this argument is tenable. In the first place, the dismissal in the United States District Court of Ohio was long before the effective date of the rules, and we doubt if such dismissal should be considered. But even if considered, the construction sought by defendant would mean the application of the rule to a dismissal in a State Court. It is obvious that the rules can only have application to proceedings in the Courts of the United States, and can not be applied to the practice or procedure in State Courts, nor affect the rights of parties in such Courts. The clause "or of any state an action based on or including the same claim" it seems to us can only mean that a dismissal in a State Court may be utilized as a foundation for the application of the rule in the United States District Court when a subsequent dismissal is there had. Applying this construction, it would follow that if plaintiff had voluntarily dismissed the instant case in the United States District Court, such dismissal would operate as an adjudication upon the merits for the reason that there had been a previous dismissal of the same cause of action "in any court," to-wit, the Superior Court of Cook County. We conclude the District Court properly held the rule inapplicable.

The judgment of the District Court is affirmed.

---

4 Chicago, M. & St. P. R. Co. v. Schendel, 8 Cir., 292 F. 326, 330; Chesapeake & O. R. Co. v. Vigor, 6 Cir., 90 F.2d 7; 2 Roberts, Federal Liabilities of Carriers, 2d Ed., § 962; Taylor v. Atchison, T. & S. F. R. Co., 292 Ill.App. 457, 11 N.E.2d 610.