Maurie STAHL, Plaintiff,

v.

PARAMOUNT PICTURES, Inc., et al., Defendants.

United States District Court
S. D. New York.
Nov. 24, 1958.

Harry Pimstein, Buchwald, Nadel, Cohen & Hoffman, New York City, for plaintiff, Paul Lewin, New York City, of counsel.

Louis Phillips, New York City, for defendant Paramount Film Distributing Corp.

Robert W. Perkins, New York City, for defendant Warner Bros. Pictures Distributing Corp.

Royall, Koegel, Harris & Caskey, New York City, for defendant Twentieth-Century-Fox Film Corp. (Delaware). John F. Caskey, Stanley Godofsky, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This suit by an exhibitor of motion pictures against distributors and producers for treble damages under the anti-trust laws was commenced on July 7, 1958.

Plaintiff moves for the dismissal of three counterclaims which have been pleaded in the answers of defendants Warner Bros. Pictures Distributing Corp., Paramount Film Distributing Corp., and Twentieth Century-Fox Film Corp., on the ground that they fail to state a basis for jurisdiction in this court under 28 U.S.C. § 1332 as amended on July 25, 1958.

The counterclaims were filed on August 25, August 26, and September 9, 1958 respectively. Each recites that the matter therein involved exceeds the sum of $3,000, exclusive of interest and costs.

The opposing parties agree that the counterclaims do not arise out of the transactions sued upon, that they are permissive rather than compulsory, and that they therefore require independent jurisdictional grounds to support them. This is quite correct. See 3 Moore's Federal Practice (2d ed.), pars. 13.19, 13.20 and cases cited therein.

The single question before me is whether the July 25, 1958 amendment to 28 U.S.C. § 1332, which raised the amount necessary to confer jurisdiction on the federal courts from $3,000 to $10,000 requires the dismissal of these counterclaims which were contained in answers served and filed subsequent to the enactment of the new amendment because they do not allege that the matter involved exceeds $10,000. This is dependent upon the construction to be given to the savings clause in Section 3 of the July 25, 1958 amendment which provides:

"This Act shall apply only in the case of actions commenced after the date of the enactment of this Act."

The complaint having been filed before such "date of the enactment" and the counterclaims having been asserted after that date, the narrow issue to be resolved is whether the counterclaims are to be deemed "actions commenced" after the date of enactment of the statute or whether the commencement of the main action before the enactment date is controlling.

Rule 2, F.R.C.P., 28 U.S.C.A., provides:

"There shall be one form of action to be known as 'civil action'."

Rule 3 provides that

"A civil action is commenced by filing a complaint with the court."

Absent any indications to the contrary (and there are none in the Senate Report on the amendment to Section 1332 [S.Rep.1830, 85th Cong., 2d Sess., p. 2, 1958]) the new statute, in using the phrase "actions commenced", plainly refers to the "civil action" provided for by Rule 2 to be "commenced" by the filing of a complaint as provided in Rule 3. All proceedings subsequent to the commencement of a civil action by the filing of a complaint are proceedings in the action thus commenced.

Neither Rule 13 authorizing the interposition of counterclaims, compulsory and permissive, or any of the other rules, provide or imply that a permissive counterclaim is a separate "civil action" or that the filing of a pleading containing such counterclaim is to be deemed the "commencement" of a new action. Indeed, Rule 13 distinguishes a "claim" which is the subject of a counterclaim from the "action" which was "commenced". Rule 13(a).

Moreover, cases which bear on the subject indicate that the interposition of a permissive counterclaim is not considered to be the commencement of an action. See General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 434,

53 S.Ct. 202, 77 L.Ed. 408; Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 586, 168 A.L.R. 1130; Louisville Trust Co. v. Glenn, D.C.W.D.Ky., 66 F. Supp. 872, 874.

■ The action here was commenced on July 7, 1958 when the complaint was filed, prior to the enactment of the new statute, and comes within the savings clause. These counterclaims therefore need not fulfil the jurisdictional requirements of the new statute and their jurisdictional allegations are sufficient.

Plaintiff's motion to dismiss the counterclaims is in all respects denied.

So ordered.