**POLORON PRODUCTS, INC.,**
Plaintiff,

v.

**LYBRAND, ROSS BROS. & MONTGOMERY (now known as Coopers & Lybrand), Defendant and Third-Party Plaintiff,**

v.

**POLORON PRODUCTS OF INDIANA, INC., et al., Third-Party Defendants.**

No. 72 Civ. 3884 (WCC).

United States District Court,
S. D. New York.

April 3, 1975.

Gold, Farrell & Marks, New York City (Martin R. Gold, New York City, of counsel), for plaintiff and third-party defendants, Carl Levitt, Jay Levitt, Dynamark Corporation and George Feiwell.

Hughes, Hubbard & Reed, New York City (Powell Pierpoint, William M. Barron, New York City, of counsel), for defendant and third-party plaintiff.

Botein, Hays, Sklar & Herzberg, New York City, for third-party defendant, Poloron Products of Indiana, Inc.

## MEMORANDUM AND ORDER

CONNER, District Judge:

This is an action by Poloron Products, Inc. (Poloron) under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Presently pending before the Court are various motions challenging the sufficiency of the claims asserted by the parties to this action. In order to render the legal issues presented by these motions understandable, it is necessary to set forth the relationships of the parties and the procedural history of this action.

### I.

In October, 1967, Poloron entered into an agreement to purchase all of the issued and outstanding stock of Levitt Manufacturing Corporation (LMC) from Samuel, Carl and Jay Levitt. Coopers & Lybrand (Lybrand),[1] a firm of certified public accountants, prepared the financial statement in connection with the transaction.

The agreement provided that in exchange for the company, the Levitts would receive a down-payment of $11,200 in cash and, in subsequent years, Poloron stock, whose market value constitutes a specified percentage of LMC's future earnings. A separate agreement provided that Samuel Levitt would continue to be associated with the company as a sales representative; this agreement was assigned to Dynamark Corporation (Dynamark), a corporation owned and controlled by the Levitts. Poloron subsequently changed

---

1. Coopers & Lybrand was previously known as Lybrand, Ross Bros. & Montgomery.

LMC's name to Poloron Products of Indiana, Inc. (Poloron-Indiana).

Following the closing of the transaction, Poloron's own auditors, Touche, Ross, Bailey and Smart, reviewed the books and records of the newly acquired subsidiary, and allegedly discovered facts which revealed that LMC had been overvalued by approximately $220,000.

Poloron assumed and discharged all of the liabilities of Poloron-Indiana and, pursuant to its rights under the acquisition agreement, withheld funds which otherwise would have been due under the sales representative agreement. In May, 1970, Dynamark instituted an action against Poloron-Indiana in the United States District Court for the Northern District of Indiana seeking to recover the commissions which had been withheld. Thereafter, in September, 1970, Dynamark obtained an order permitting it to amend its complaint to include Lybrand as a defendant.

In November, 1970, on the motion of Poloron-Indiana, the action was transferred to this Court, 70 Civ. 5225. Subsequently, an amended complaint was served and filed, realleging the claims against Lybrand and adding Poloron as a defendant. After some months, however, Poloron and Samuel Levitt (the principal figure among the plaintiffs) reached an accord. They agreed that the losses which they had sustained were principally the result of false financial statements prepared by Lybrand, and that the pending litigation would be terminated and that all of their rights would be assigned to Poloron, which would pursue the action against Lybrand alone. The settlement agreement provided that seventy-five per cent of any recovery would belong to Dynamark. These terms were apparently never disclosed to Lybrand. Nonetheless, on July 7, 1971, a stipulation of discontinuance, without prejudice, signed by all parties was filed.

Pursuant to the settlement agreement, Poloron filed a complaint against Lybrand in the United States District Court for the Northern District of Illinois, 71 C 3137, containing allegations which apparently are substantially similar to those asserted against Lybrand in the original action and which track the allegations of the complaint in the instant action. Before Lybrand answered that complaint, the Seventh Circuit Court of Appeals rendered a decision which Poloron contends substantially affected its ability to proceed against Lybrand. Accordingly, on February 9, 1972, Poloron filed a notice of dismissal pursuant to Rule 41(a)(1)(i), F.R.Civ.P.

Shortly thereafter, Poloron commenced the present action. Lybrand served and filed an answer and counterclaims, and a third-party complaint against Poloron-Indiana, Carl Levitt, Jay Levitt, Dynamark and George Feiwell.[2] The first counterclaim contained in Lybrand's answer alleges that Poloron instituted the second and third actions maliciously and without probable cause. The second counterclaim seeks recovery for an alleged debt of $4,830 for professional services rendered. The third-party complaint seeks indemnification for any judgment which Poloron may recover against Lybrand.

The parties subsequently made the motions which are presently pending before the Court:

1) On September 24, 1974, Poloron and third-party defendants Carl Levitt, Jay Levitt, Dynamark and George Feiwell moved pursuant to Rule 12(b)(6), F.R.Civ.P., for an order dismissing the two counterclaims asserted in Lybrand's answer and the second claim for relief contained in Lybrand's third-party complaint;

---

2. George Feiwell represented the Levitts in connection with the acquisition agreement and Dynamark in the first litigation.

Although denominated a third-party defendant, Samuel Levitt has apparently not been served.

2) on October 7, 1974, Poloron-Indiana moved pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss the second claim for relief contained in the third-party complaint;

3) on November 6, 1974, Lybrand moved: a) pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss the complaint for failure to state a cause of action and on the ground of *res judicata*; b) for summary judgment pursuant to Rule 56, F.R.Civ.P.; and, c) for an award of attorney's fees;

4) on November 25, 1974, Poloron-Indiana moved pursuant to Rule 56, F.R.Civ.P., for summary judgment as to the second claim for relief contained in the third-party complaint on the ground that it is time-barred.

## II.

### The Main Action

The threshold question presented by Lybrand's motion to dismiss the complaint on the ground of *res judicata* is whether Rule 41(a)(1), F.R.Civ.P., the so-called "two dismissal" rule, bars this action.

Rule 41(a)(1) provides two methods by which an action may be voluntarily dismissed without court order:

> "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

The Rule, however, restricts the right of dismissal by notice:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based

on or including the same claim." Rule 41(a)(1), F.R.Civ.P.

It is undisputed that the Indiana-New York action and the Illinois action were "based upon or including the same claim." Moreover, the Illinois action was unquestionably terminated by a notice of dismissal. Plaintiff, however, contends that the present action is not barred by the two-dismissal rule since 1) a dismissal by notice which follows a dismissal by stipulation does not operate as an adjudication on the merits, and 2) it was not the plaintiff in the Indiana-New York action and therefore the Illinois action was not dismissed by "a plaintiff who has once dismissed."

Insofar as concerns the first contention, the two dismissal rule, on its face, is literally applicable whenever a notice of dismissal is filed by "a plaintiff who has once dismissed * * * an action based upon or including the same claim." The rule makes no distinction as to how the prior dismissal was effected, so long as the plaintiff was responsible for it.

As to whether a dismissal by stipulation of the parties under Rule 41(a)(1)(ii) should be considered a dismissal by the plaintiff, Rule 41(a)(1), as noted above, specifically provides that stipulation is one of the two ways in which a *plaintiff* may dismiss an action. Wright and Miller, Federal Practice and Procedure: Civil §§ 2363, 2364 (1971).

I can find no reason to conclude that the rule was not intended to be interpreted as it is written. So far as I can find, no court has ever done so although, in fairness, I should say that apparently no court has ever addressed this precise question.

Two commentators have discussed this or an analogous situation. Professor Moore states that:

> "A question remains, however, as to whether a dismissal by notice following a dismissal by stipulation bars another action. It would seem that the exception should not apply in this sit-

uation. However, the language of the rule is susceptible to varying constructions, since it states that '* * * a *notice of dismissal* operates as an adjudication on the merits when filed by *a plaintiff who has once dismissed . . . an action . . .*' (Italics added)." 5 Moore's Federal Practice ¶ 41.04 at 1047–48 (2d Ed. 1974).

In a footnote to the latter passage, Professor Moore adds that

"Unlike many stipulations that require court approval to be effective * * * a dismissal by stipulation under Rule 41(a)(1) does not * * * and therefore the stipulated dismissal is by the plaintiff * * *." Moore's *supra,* ¶ 41.04 at 1048 n. 17.

In a Commentary in the Federal Rules Service, the view is expressed that the two-dismissal rule should apply even where the first dismissal was by court order under Rule 41(a)(2), provided it was with the plaintiff's consent:

"Apparently, however, it is immaterial whether the first dismissal was by court order, as under Rule 41a[a](2), as long as it was taken at the plaintiff's instance." 4 Fed.Rules Serv. pp. 927, 928.

Thus, both commentators have apparently recognized that the rule literally applies in the present circumstances.

The only decisions which are to any degree instructive here likewise tend to lead me to the conclusion that it is only the second dismissal whose nature is critical. Wright and Miller, *supra* at § 2368. Rule 41(a)(1) specifically makes it immaterial whether the first dismissal is in a federal or a state court. See Rader v. Baltimore & O.R. Co., 108 F.2d 980, 986 (7th Cir.), cert. denied, 309 U.S. 682, 60 S.Ct. 722, 84 L.Ed. 1026 (1940). And in Cleveland Trust Co. v. Osher & Reiss, Inc., 31 F.Supp. 985, 1009 (E.D. N.Y.1939), the Court stated, in dictum, that the two-dismissal rule would apply even where the first dismissal took place before the effective date of Rule 41.

However, the action was not dismissed because the *second* dismissal also anteceded the Rule; therefore the matter was not considered by the Court of Appeals in its decision reversing the District Court on other grounds, 109 F.2d 917 (2d Cir. 1940).

■ Thus, the courts have apparently recognized that an initial voluntary dismissal, under *any* rule, followed by a notice of dismissal under Rule 41(a)(1)(i), operates as an adjudication on the merits. See Wright and Miller, *supra* § 2368.

■ The only question remaining on Lybrand's motion is whether the notice of dismissal filed in the Illinois action was filed by a plaintiff who had once voluntarily dismissed. Although the first (Indiana-New York) action was commenced by Dynamark, while the second (Illinois) action and the present action were commenced by Poloron, in both of the latter actions Poloron was only the nominal plaintiff, while Dynamark, by virtue of its seventy-five per cent share in any recovery, is and was the real party in interest in all three actions. I believe that the two-dismissal rule should not be defeated by a change in the nominal parties, without a change in the real party in interest. Although Robertshaw-Fulton Controls Co. v. Norma Electric Corp., 10 F.R.D. 32 (D.Md. 1950), involved a different situation, in which the change was in the nominal defendants, the following comments of the Court are helpful here:

"It is argued on behalf of plaintiff that before Rule 41(a)(1) can be given the interpretation which we place upon it, the defendants in both suits must be the same. With this we do not agree. * * * [A]t the time the notice of dismissal was filed in this court, the real defendant in this suit was actually the same defendant as in the previously dismissed New York suit * * *. It is precisely the pursuit of such duplicative, wasteful and harassing litigation * * *

that the 'two dismissal' Rule aims to discourage and prevent." 10 F.R.D. at 35

For the reasons stated, this Court is impelled to conclude that this action is barred by the two-dismissal rule.

## III.

### The Counterclaims

 The counterclaims interposed by Lybrand are merely permissive counterclaims within the meaning of Rule 13(b), F.R.Civ.P.; they are not compulsory counterclaims under Rule 13(a) since they do not arise out of the same transaction or occurrence that is the subject matter of plaintiff's claim. Although the success of the first counterclaim for malicious prosecution depends upon the failure of plaintiff's claim, it does not "arise" until the action has been terminated in favor of the defendant. Rosemont Enterprises, Inc. v. Random House, Inc., 261 F.Supp. 691, 695 (S.D.N.Y.1966); Slaff v. Slaff, 151 F. Supp. 124, 125–26 (S.D.N.Y.1957); Park Bridge Corp. v. Elias, 3 F.R.D. 94 (S.D.N.Y.1943); 3 Moore, *supra* ¶ 13.13 at 13–308.

The second counterclaim is for moneys allegedly owing for professional services and is entirely unrelated to the plaintiff's claim under the securities laws; in no way can it be said to arise out of the same transaction or occurrence as the main claim.

It is well settled that permissive counterclaims require an independent basis of jurisdiction. Warren G. Kleban Engineering Corp. v. Caldwell, 490 F.2d 800, 802 (5th Cir. 1974); Chance v. County Bd. of School Trustees, 332 F.2d 971, 973 (7th Cir. 1964); Lesnik v. Public Industrials Corp., 144 F.2d 968, 976 n. 10 (2d Cir. 1944); Stahl v. Paramount, Inc., 167 F.Supp. 836, 837 (S.D. N.Y.1958). Since these counterclaims clearly do not raise federal questions, and since Poloron and Lybrand are both New York citizens, there is no basis for jurisdiction in this Court.

## IV.

Lybrand's motion for an award of attorney's fees is denied. A successful party may obtain an award of counsel fees only where expressly authorized by statute or by contract, or where his opponent acted vexatiously or in bad faith. Hall v. Cole, 412 U.S. 1, 4, 93 S. Ct. 1943, 36 L.Ed.2d 702 (1973); see Demsey & Associates, Inc. v. S.S. Sea Star, 500 F.2d 409, 411 (2d Cir. 1974). Lybrand has not satisfactorily shown that Poloron's behavior was vexatious or in bad faith.

The complaint and the counterclaims are hereby dismissed.

So ordered.